## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

KURT MORALES II, BRANDON
CALLIER, and LUCAS HORTON,
individually, and on behalf of all others
similarly situated,

      Plaintiffs,

      v.

SUNPATH LTD., a Delaware corporation,
and  NORTHCOAST WARRANTY
SERVICES, INC., a Delaware corporation,

      Defendants.

Case No.:  20-cv-01376-RGA

**BRIEF IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS
SUNPATH LTD. AND NORTHCOAST
WARRANTY SERVICES, INC.'S
MOTION TO DISMISS**

**Motion Filed: June 23, 2021**

Ian Connor Bifferato (#3273)
THE BIFFERATO FIRM, P.A.
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 225-7600
Facsimile: (302) 298-0688
E-mail: cbifferato@tbf.legal

*Counsel for Plaintiffs*

[Additional Counsel on Signature Page]

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................................................1

II.    FACTUAL BACKGROUND........................................................................................2

III.   LEGAL STANDARD..................................................................................................3

IV.   ARGUMENT ...............................................................................................................5

     A.    The Court Has Subject Matter Jurisdiction Over Plaintiffs' TCPA Claims Against Sunpath and Northcoast ................................................................................5

          1.   Sunpath and Northcoast's Constitutional Challenge to the TCPA Robocall Restriction Is Barred By Laches ...............................................5

          2.   The TCPA's General Robocall Restriction Is Enforceable By Plaintiffs as Required by the Severability Provision in the TCPA .......................................6

          3.   The General Robocall Ban Has Been and Is Being Enforced By Numerous Courts Across the Country................................................................8

          4.   Enforcing the Severability Clause and the General Robocall Ban Against Defendants Would Not Violate Due Process...................................................15

          5.   Plaintiffs' Request for Injunctive Relief and Plaintiffs' Do Not Call Claims Are Unaffected by Defendants' Arguments ...................................................17

     B.    Plaintiffs State a Claim for a Violation of the TCPA Robocall Restriction ..........17

V.    CONCLUSION..........................................................................................................18

i

# **TABLE OF AUTHORITIES**

## *Cases*

*Abramson v. Fed. Ins. Co.*,
  No 8:19-cv-2523-T-60AAS, 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020) ............................11

*Allen v. First Nat'l Bank of Omaha*,
  3:18-CV-1216, 2021 U.S. Dist. LEXIS 119631,
  2021 WL 2654630 (M.D. Pa. June 28, 2021)................................................................................9

*Alaska Airlines, Inc. v. Brock*,
  480 U.S. 678 (1987).....................................................................................................................7

*Bank of Hamilton v. Lessee of Dudley*,
  2 Pet. 492 (1829).........................................................................................................................7

*Barr v. Am. Ass'n of Political Consultants, Inc.*,
  140 S. Ct. 2335 (2020)....................................................................................................... *passim*

*Boisvert v. Carnival Corp.*,
  No. 8:20-CV-2076-30SPF, 2021 U.S. Dist. LEXIS 47397,
  2021 WL 1329079 (M.D. Fla. Mar. 12, 2021) ..........................................................................10

*Bonkuri v. Grand Caribbean Cruises, Inc.*,
  No. 0:20-cv-60638-WPD, 2021 U.S. Dist. LEXIS 30940,
  2021 WL 612212 (S.D. Fla. Jan. 19, 2021) ..............................................................................10

*Buchanan v. Sullivan*,
  No. 8:20-cv-301, 2020 WL 6381563 (D. Neb. Oct. 30, 2020)...............................................1, 11

*Burton v. Fundmerica, Inc.*,
  No. 8:19-CV-119, 2020 WL 4504303 (D. Neb. Aug. 5, 2020).................................................11

*Cardio-Medical Assoc., Ltd. v. Crozer-Chester Medical Ctr.*,
  721 F.2d 68 (3d Cir. 1983)...........................................................................................................3

*Creasy v. Charter Commc'ns, Inc.*,
  No. 20-1199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020)................................................13, 14

*DiStasio v. Edible Arrangements, LLC*,
  No. 3:16-CV-00538, 2021 U.S. Dist. LEXIS 18380 (D. Conn. Feb. 1, 2021) ..........................10

*Doyle v. Fla Health Sol.*,
  19-cv-24016-GAYLES/OTAZO-REYES, 2021 U.S. Dist. LEXIS102374,
  2021 WL 2206614 (S.D. Fla. Jun. 1, 2021)...............................................................................10

*Duguid v. Facebook, Inc.*,
  926 F.3d 1146 (9th Cir. 2019) ......................................................................................................8

*Facebook, Inc. v. Duguid*,
  141 S. Ct. 1163 (2021)........................................................................................................... 17-18

*Franklin v. Navient, Inc.*,
  1:17-cv-1640-SB, 2021 WL 1535575 (D. Del. Apr. 19, 2021) .................................9, 13, 14, 16

*Frost v. Corp. Comm'n*,
  278 U.S. 515 (1929) ...........................................................................................................13, 16

*Gunn v. Prospects DM, LLC*,
  4:19CV3129 HEA, 2021 U.S. Dist. LEXIS 74746
  2021 WL 1534234 (E.D. Mo. Apr. 19, 2021) ..........................................................................10

*Hand v. Beach Entm't KC, LCC*,
  425 F. Supp. 3d 1096 (W.D. Mo. 2019) ....................................................................................8

*Hossfeld v. Am. Fin. Sec. Life Ins. Co.*,
  0:19-cv-0597-GAYLES/STRAUSS, 2021 U.S. Dist. LEXIS 112608
  2021 WL 2453114 (S.D. Fla. Jun. 16, 2021) ............................................................................10

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ....................................................................................................4

*Johansen v. LoanDepot.com LLC*,
  No. 820CV00919DOCJDE, 2021 U.S. Dist. LEXIS 19562
  2021 WL 669329 (C.D. Cal. Jan. 31, 2021) .............................................................................10

*Johnson v. City of Shelby*,
  135 S. Ct. 346 (2014) ...............................................................................................................4

*Komaiko v. Baker Techs., Inc.*,
  No. 19-cv-03795-DMR, 2020 WL 5104041 (N.D. Cal. Aug. 11, 2020) ...................................11

*Lacy v. Comcast Cable Commc'ns, LLC*,
  No. 3:19-cv-05007-RBL, 2020 WL 4698646 (W.D. Wash. Aug. 13, 2020) ............................11

*LaGuardia v. Designer Brands, Inc.*,
  2:20-cv-2311, 2021 U.S. Dist. LEXIS 97396
  2021 WL 2092797 (S.D. Ohio May 24, 2021) .........................................................................10

*Lerner v. AmeriFinancial Sols.*,
  GLR-20-965, 2021 U.S. Dist. LEXIS 86161
  2021 WL 1785138 (D. Md. May 5, 2021) ..................................................................................9

*Less v. Quest Diagnostics Inc.*,
  3:20-CV 2456, 2021 U.S. Dist. LEXIS 14340
  2021 WL 266548 (N.D. Ohio. Jan 26, 2021) ...........................................................................11

*Lincoln Ben. Life Col. v. AEI Life, LLC*,
  800 F.3d 99 (3d Cir. 2015) .......................................................................................................3

*Lindenbaum v. Realgy, LLC*,
  1:19-cv-2962, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020).............................................13, 14

*LKQ Corp. v. United States Dep't of Homeland Sec.*,
  369 F. Supp. 3d 577 (D. Del. 2019) ..........................................................................................4

iii

*Maio v. Aetna, Inc.*,
   221 F.3d 472 (3d Cir. 2000)........................................................................................4

*Mass. v. Mellon*,
   262 U.S. 447 (1923)...................................................................................................2

*Massaro v. Beyond Meat, Inc.*,
   320CV00510AJBMSB, 2021 U.S. Dist. LEXIS 46980
   2021 WL 948805 (S.D. Cal. Mar. 12, 2021) ...........................................................10

*McKesson Info. Sols. LLC v. Trizetto Group, Inc.*,
   426 F. Supp. 2d 203 (D. Del. 2006)...........................................................................5

*McCurley v. Royal Sea Cruises, Inc.*,
   17-CV-00986-BAS-AGS, 2021 U.S. Dist. LEXIS 16403
   2021 WL 288164 (S.D. Cal. Jan. 28, 2021)..............................................................10

*Mey v. MedGuard Alert, Inc.*,
   5:19-cv-315, 2021 U.S. Dist. LEXIS 80083
   2021 WL 165294 (N.D.W.Va. Apr. 27, 2021) .........................................................10

*Mey v. All Access Telecom, Inc.*,
   5:19-cv-00237-JPB, 2021 U.S. Dist. LEXIS 80018
   (N.D. W.V. Apr. 23, 2021) .......................................................................................10

*Miles v. Medicredit, Inc.*,
   4:20-CV-01186 JAR, 2021 U.S. Dist. LEXIS 55482
   2021 WL 1060105 (E.D. Mo. Mar. 18, 2021) .........................................................10

*Moody v. Synchrony Bank*,
   5:20-CV-61 (MTT), 2021 U.S. Dist. LEXIS 57853
   2021 WL 1153036 (M.D. Ga. Mar. 26, 2021) ...........................................................9

*Nat'l Union Fire Ins. Co. v. Allfirst Bank*,
   282 F. Supp. 2d 339 (D. Md. 2003) ...........................................................................9

*Perrong v. Liberty Power Corp.*,
   No. CV 18-712, 2019 WL 4751936 (D. Del. Sept. 30, 2019) ....................................9

*Person v. Tech. Educ. Servs.*,
   1:19-CV-03735-SDG, 2021 U.S. Dist. LEXIS 107417
   2021 WL 2336533 (N.D. Ga. Jun. 8, 2021).......................................................10, 16

*Trujillo v. Free Energy*,
   19-cv-02072-MCS-SP, 2020 U.S. Dist. LEXIS 239730
   2020 WL 8184336 (C.D. Cal. Dec. 21, 2020) .........................................................11

*Reid v. Spazio*,
   970 A.2d 176 (Del. 2009) ..........................................................................................5

*Rieker v. Nat'l Car Cure, LLC*,
　3:20CV5901-TKW-HTC, 2021 U.S. Dist. LEXIS 9133
　2021 WL 210841 (N.D. Fla. Jan. 5, 2021) ...............................................................11

*Schmidt v. AmeriAssist A/R Sols. Inc.*,
　No. CV-20-00230-PHX-DWL, 2020 WL 6135181 (D. Ariz. Oct. 19, 2020) ...........................11

*Seila Law LLC v. Consumer Fin. Protection Bureau*,
　140 S. Ct. 2183 (2020).....................................................................................2, 13

*Shen v. Tricolor Cal. Auto Grp.*,
　CV 20-7419 PA (AGRx), 2020 U.S. Dist. LEXIS 237582
　2020 WL 7705888 (C.D. Cal. Dec. 17, 2020) ...........................................................11

*Sliwa v. Bright House Networks, LLC*,
　2:16-cv-235-FTM-29MRM, 2018 WL 1531913 (M.D. Fla. Mar. 29, 2018) .......................8, 15

*Smith v. Truman Rd. Dev., LLC*,
　414 F. Supp. 3d 1205 (W.D. Mo. 2019) ...............................................................9, 14

*Spruill v. Gillis*,
　372 F.3d 218 (3d Cir. 2004).................................................................................4

*Stephen v. Rite Aid Corp.*,
　CV 20-5601-MWF (PDX), 2021 U.S. Dist. LEXIS 68157
　2021 WL 1255423 (C.D. Cal. Feb. 2, 2021)...........................................................10

*Stoutt v. Travis Credit Union*,
　2:20-CV-01280 WBS AC 2021 U.S. Dist. LEXIS 6019
　2021 WL 99636 (E.D. Cal. Jan. 12, 2021) .............................................................11

*United States v. Miselis*,
　972 F.3d 518 (4th Cir. 2020) .........................................................................11, 12

*Tuso v. Nat'l Health Agents, LLC*,
　2:20-cv-02160-JAM-CKD, 2021 U.S. Dist. LEXIS 115467
　2021 WL 2534220 (E.D. Cal. Jun. 21, 2021) ...........................................................9

*Valdes v. Nationwide Real Estate Execs*,
　SA CV 20-01734-DOC-(JDEx), 2021 U.S. Dist. LEXIS 100931
　2021 WL 2134159 (C.D. Cal. Apr. 22, 2021) .........................................................10

*Van Connor v. One Life Am., Inc.; Indep. Order of Foresters*,
　6:19-CV-03283-DCC, 2021 WL 2667063 (D.S.C. June 29, 2021)...............................16

*Victaulic Co. v. Tieman*,
　499 F.3d 227 (3d Cir. 2007)................................................................................4

*Walker v. Highmark BCBSD Health Options, Inc.*,
　2:20-CV-01975-CCW, 2021 U.S. Dist. LEXIS 21212
　2021 WL 396742 (W.D. Pa. Feb. 4, 2021) ...............................................................9

*Wasica Fin. GmbH v. Schrader Int'l, Inc.*,
  C.A. No. 13-1353-LPS, 2018 WL 4502178 (D. Del. Sept.20, 2018) .........................................4

*Wijesinha v. Bluegreen Vacations Unlimited, Inc.*,
  No. 19-20073, 2019 WL 3409487 (S.D. Fla. Apr. 3, 2019) .......................................................8

*Whittaker v. WinRed Tech. Servs. LLC*,
  CV-20-08150-PCT-JJT, 2021 U.S. Dist. LEXIS 55036
  2021 WL 1102297 (D. Ariz. Mar. 23, 2021) ...........................................................................10

## **Statutes, Regulations, and Rules**

47 U.S.C. § 227 ...........................................................................................................2, 17

47 U.S.C. § 608 .......................................................................................................1, 7, 8, 14

47 C.F.R. § 64.1200 .........................................................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

In *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("*AAPC*"), seven Justices of the Supreme Court decided that the application of "traditional severability principles" required that the unconstitutional government-debt exception to the Telephone Consumer Protection Act's ("TCPA") robocall restriction be severed from the statute and the remainder left intact. *Id*. at 2343. This result is mandated by the severability provision in the statute in full force and effect throughout the TCPA's enactment in 1991, the government-debt exception's enactment in 2015, and the unlawful robocalls at issue in this litigation. It states: "If any provision of this chapter or the application thereof to any person or circumstances is held invalid, the remainder of the chapter and the application of such provision to other persons or circumstances shall not be affected thereby." 47 U.S.C. § 608. Defendants argue to the contrary that the invalidity of the government-debt exception not only affected the rest of the robocall restriction that has been the law for nearly 30 years, but rendered it entirely unenforceable for the nearly 5-year period between the 2015 amendment and the decision in *AAPC* to sever the government-debt exception from the rest of the statute.

Footnote 12 of *AAPC* anticipates Defendants' argument and squarely rejects it, as follows: "our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." *Id*. at 2355, n.12. That includes Defendants. *AAPC* "ruled favorably on the constitutionality of the" TCPA's generally applicable robocall restriction and left it "intact," while severing out the constitutionally impermissible government-debt exception. *Buchanan v. Sullivan*, No. 8:20-cv-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020).

1

Despite clear instruction from Congress and the Supreme Court on whether the TCPA still regulated Defendants' prerecorded telemarketing calls, Defendants ask the Court to follow non-binding out-of-district courts that opted not to heed section 608's directives, or the Court's long standing rule to "disregard an unconstitutional enactment." *Seila Law LLC v. Consumer Fin. Protection Bureau*, 140 S. Ct. 2183, 2211 (2020) (quoting *Mass. v. Mellon*, 262 U.S. 447, 488 (1923)) (C.J. Roberts). Defendants ask this Court to excuse their unlawful conduct based on a tortured and unpersuasive chain of reasoning, and contrary to the substantial body of case law applying the severance provision of the TCPA to deny motions to dismiss like the one filed by Defendants.

## II.    FACTUAL BACKGROUND

This TCPA case arises out of artificial or prerecorded phone calls to cellular and residential phones of Plaintiffs and Class members by Defendants and Defendants' agents. Defendants hire third parties to carry out their robocalling scheme to make it more difficult for their victims to identify them. Third Am. Compl. ("TAC") at ¶ 31. Plaintiffs Kurt Morales II ("Morales"), Brandon Callier ("Callier"), and Lucas Horton ("Horton") specifically alleged receiving unsolicited phone calls selling the products of Sunpath and Northcoast. *Id*. at ¶¶ 32–61. Defendants called Plaintiffs' phone numbers despite them all being previously registered on the National Do Not Call Registry ("DNC Registry"). *Id*. at ¶¶ 40, 50, 55.

Plaintiffs assert two bases for liability under the TCPA. Plaintiffs' first claim is for Defendants' violation of the robocall ban in 47 U.S.C. § 227(b)(1)(A)(iii) and (B), prohibiting the use of prerecorded or artificial voices in calls to cellular and residential telephones. TAC ¶¶ 70-77. Plaintiffs also assert a second count for violation of the Do Not Call prohibition in 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2). *Id*. at ¶¶ 78–88.

2

Morales received dozens of prerecorded calls between January 2017 and March 2020. TAC ¶ 32. Finally, on March 4, 2020, when he got yet another call with an artificial or prerecorded voice call soliciting an extended auto warranty, or a vehicle service contract ("VSC"), Morales purchased a VSC to identify Defendants Sunpath and Northcoast as the parties behind the unlawful phone calls. *Id*. at ¶¶ 33–40. Morales' phone number has been registered on the DNC Registry since December 15, 2008. *Id*. at ¶ 40.

Callier received at least ten phone calls between November 2019 and January 2020. *Id*. at 41. Callier received twelve more calls in February 2020. *Id*. at ¶ 47. All of the calls were made using artificial or prerecorded voices, and used spoofed area codes. *Id*. at ¶¶ 41, 49. On February 20, 2020, Callier listened to the message and purchased a VSC from Sunpath and Northcoast. *Id*. at ¶ 49. Callier's phone number has been registered on the DNC Registry since December 13, 2007. *Id*. at ¶ 50.

Horton received at least six artificial or prerecorded voice calls advertising VSCs between February 10, 2020 and May 11, 2020. *Id*. at ¶ 53. On April 29, 2020, Horton pressed "1" when prompted by the artificial or prerecorded voice, and he was solicited for a VSC from Sunpath and Northcoast. *Id* at ¶ 54. Horton's phone number has been registered on the DNC Registry since December 13, 2011. *Id*. at ¶ 55.

### III.   LEGAL STANDARD

Motions brought under Rule 12(b)(1) for lack of subject matter jurisdiction may present either a facial or factual challenge to the court's jurisdiction. *Lincoln Ben. Life Col. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). A challenge is facial when a motion to dismiss is filed prior to an answer and asserts that the complaint is jurisdictionally deficient on its face. *Cardio-Medical*

*Assoc., Ltd. v. Crozer-Chester Medical Center*, 721 F.2d 68, 75 (3d Cir. 1983). In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. *LKQ Corp. v. United States Dep't of Homeland Sec.*, 369 F. Supp. 3d 577, 583 (D. Del. 2019).

Evaluating a motion to dismiss under Rule 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). The Court may grant such a motion to dismiss only if, after accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, the plaintiff is not entitled to relief. *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

To withstand a motion to dismiss, the plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. A complaint survives a motion to dismiss where the allegations raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact). *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, C.A. No. 13-1353-LPS, 2018 WL 4502178 (D. Del. Sept. 20, 2018).

## IV.     ARGUMENT

### A.     The Court Has Subject Matter Jurisdiction Over Plaintiffs' TCPA Claims Against Sunpath and Northcoast

#### 1.     Sunpath and Northcoast's Constitutional Challenge to the TCPA Robocall Restriction Is Barred By Laches

The equitable doctrine of laches bars Sunpath and Northcoast from asserting that the TCPA imposed an unconstitutional content-based restriction on their speech in order to avoid liability for widespread violations of federal law. Laches "is generally defined as an unreasonable delay" resulting in "material prejudice" to the other party. *Reid v. Spazio*, 970 A.2d 176, 182 (Del. 2009). The inquiry is principally whether it is inequitable to permit a claim to be enforced, the touchstone of which is inexcusable delay leading to an adverse change in the condition or relations of the property or the parties. *Id*. Laches arises where a party's delay for an unreasonable and inexcusable length of time after they knew or reasonably should have known of their claim causes material prejudice or injury as a result. *McKesson Info. Sols. LLC v. Trizetto Group, Inc.*, 426 F. Supp. 2d 203, 208 (D. Del. 2006).

Defendants hope to wield the limited unconstitutionality of certain inapplicable provisions of the TCPA to shield their misconduct that violates the TCPA even after the constitutional infirmities are cured. (Defs.' Br. at 7). The unconstitutional amendment to the TCPA was enacted in 2015. *See AAPC*, 140 S. Ct. at 2343. Defendants waited until 2020 to assert their challenge to the TCPA's supposed preferential treatment of government debt collectors for the sole purpose of avoiding liability for placing telemarketing robocalls to Plaintiffs in violation of the TCPA. The delay in challenging the TCPA was unreasonable, inexcusable, and results in material prejudice to Plaintiffs if allowed to succeed.

Defendants did not complain about the nominally preferential treatment of government debt speech when the 2015 amendment was enacted or within a reasonable time thereafter. Instead, Defendants continued to engage in telemarketing practices that violated the TCPA. Defendants made calls to Plaintiffs in violation of the TCPA, causing Plaintiffs harm. If Plaintiffs and the putative Classes are foreclosed from prosecuting their claims because Defendants waited to challenge the TCPA's constitutionality until now, it would cause them material prejudice. Allowing Defendants to get away with widespread robocalling outlawed for almost 30 years based on a technicality is the very essence of inequitable.

### 2. The TCPA's General Robocall Restriction Is Enforceable By Plaintiffs as Required by the Severability Provision in the TCPA

Defendants' argument that the robocall restriction cannot be enforced—even though the Supreme Court says it can—finds no support in *AAPC*. (Defs.' Br. at 10-12). In fact, *AAPC* states the opposite. *AAPC* was a fractured opinion, but the consensus was stated in the Judgment of the Court announced by Justice Kavanaugh. In the announcement, Justice Kavanaugh states the outcome of the decision: "Six Members of the Court today conclude that Congress has impermissibly favored debt-collection speech over political speech, in violation of the First Amendment." *AAPC*, 140 S. Ct. at 2343. "Applying traditional severability principles, seven Members of the Court conclude that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute." *Id.* The upshot emphasized by the Court was that the "plaintiffs [who challenged the TCPA's constitutionality] *still* may not make political robocalls to cell phones." *Id.* at 2344 (emphasis added). That is, they were prohibited before the Court's decision and they are prohibited going forward. This applies to Defendants just as it applied to the parties in *AAPC*.

According to the seven Justices[1] who voted for severance, the severability analysis was "straightforward," *id.* at 2349, because Congress included a severability clause that applied to the government-debt exception. *See* 47 U.S.C. § 608. Severability clauses indicate that Congress did not intend the validity of the statute in question to depend on the validity of the constitutionally offensive provision. *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 686 (1987).

The relevant provision that the Supreme Court, as well as this Court, is bound to apply states: "If any provision of this chapter or the application thereof to any person or circumstances is held invalid, the remainder of the chapter and the application of such provision to other persons or circumstances shall not be affected thereby." 47 U.S.C. § 608. By the plain language of the applicable law, the application of the TCPA to Defendants in this case "shall not be affected" by the unconstitutional 2015 amendment.

Taking the severability analysis even further, Justice Kavanaugh explained how additional textual analysis and the history of the law's enactment independently buttressed the Court's "strong presumption of severability." *AAPC*, 140 S. Ct. at 2350. Even without a severability clause, as here, "when confronting a constitutional flaw in a statute, we try to limit the solution to the problem." *Id*. Quoting Chief Justice Marshall, Justice Kavanaugh explained "if any part of an Act is 'unconstitutional, the provisions of *that part may be disregarded* while full effect will be given to such as are not repugnant to the constitution of the United States.'" *Id*. (quoting *Bank of Hamilton v. Lessee of Dudley*, 2 Pet. 492, 526 (1829)). The Court pointed out that the general robocall ban was in place for 25 years before the 2015 amendment was enacted and therefore was

---

[1] Justice Kavanaugh was joined by Chief Justice Roberts and Justice Alito. Justice Sotomayor agreed that "that offending provision is severable," citing the announcement of the Judgment. 140 S. Ct. at 2357. Justice Breyer, joined by Justices Ginsberg and Kagan, would find the government-debt exception constitutional, but "agreed with Justice Kavanaugh's conclusion that the provision is severable." *Id*. at 2363. Justice Gorsuch dissented from the severability holding and was joined by Justice Thomas.

fully capable of standing on its own without it, and Congress would prefer that result to no law at all. *Id*.

Driving the point home, Justice Kavanaugh's opinion applied traditional severance principles and declared that the "decision today does not negate the liability of parties who made robocalls covered by the robocall restriction." *Id*. at 2355 n.12. In light of the binding severability clause and the Supreme Court guidance, Defendants' motion to dismiss should be denied.

### 3. The General Robocall Ban Has Been and Is Being Enforced By Numerous Courts Across the Country

Numerous courts have enforced the robocall restriction between 2015 and 2020 by severing the government debt exception, even before *AAPC*.

For example, in *Duguid v. Facebook, Inc*., 926 F.3d 1146 (9th Cir. 2019), the Ninth Circuit confronted the constitutionality of the debt-collection exception when Facebook raised it as a defense to liability, much like Defendants here. The Ninth Circuit agreed that the government-debt exception was unconstitutional. *Id*. at 1156. The Ninth Circuit concluded the TCPA still regulated Facebook's conduct because 47 U.S.C. § 608's severability provision required the court to excise the debt-collection exception and preserve the fundamental purpose of the TCPA to the extent it did not violate the Constitution. *Id*. at 1157. The unconstitutional government-debt exception did not negate Facebook's liability.

Prior to *Duguid*, the Middle District of Florida concluded likewise, stating, "in light of the severability of the Government-Debt Exception[,] a finding that the anti-robocall provision is unconstitutional would have no effect on [the defendant's] exposure to liability under the TCPA." *Sliwa v. Bright House Networks, LLC*, 2:16-cv-235-FTM-29MRM, 2018 WL 1531913, at *6 (M.D. Fla. Mar. 29, 2018); *see also Hand v. Beach Entm't KC, LCC*, 425 F. Supp. 3d 1096, 1122 (W.D. Mo. 2019); *Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073, 2019 WL

3409487, at \*5–6 (S.D. Fla. Apr. 3, 2019) (declining to decide constitutionality of the TCPA because the doctrine of severability would mean that the defendant was liable in any event); *Smith v. Truman Rd. Dev., LLC*, 414 F. Supp. 3d 1205, 1231 (W.D. Mo. 2019); *Perrong v. Liberty Power Corp.*, No. CV 18-712, 2019 WL 4751936, at \*3 (D. Del. Sept. 30, 2019).

Here, the Court should follow this course—one endorsed by seven Justices of the Supreme Court—and deny Defendants' motion to dismiss. While "no decision of a district court judge is technically binding on another district court judge, even within the same district . . . [o]pinions of other district judges are, however, persuasive authority entitled to substantial deference." *Nat'l Union Fire Ins. Co. v. Allfirst Bank*, 282 F.Supp.2d 339, 351 (D. Md. 2003) (internal citation omitted). In this debate, "the sheer volume of district courts to have rejected the position taken by Defendants in this case is highly persuasive." *Lerner v. AmeriFinancial Sols.*, GLR-20-965, 2021 U.S. Dist. LEXIS 86161, 2021 WL 1785138 at \*10 (D. Md. May 5, 2021).

Since *AAPC* was decided, district courts within the Third Circuit have rejected Defendants' argument. *See, e.g.*, *Franklin v. Navient, Inc.*, 1:17-cv-1640-SB, 2021 WL 1535575 (D. Del. Apr. 19, 2021); *Allen v. First Nat'l Bank of Omaha*, 3:18-CV-1216, 2021 U.S. Dist. LEXIS 119631, 2021 WL 2654630 (M.D. Pa. June 28, 2021)*; Walker v. Highmark BCBSD Health Options, Inc.*, 2:20-CV-01975-CCW, 2021 U.S. Dist. LEXIS 21212, 2021 WL 396742 (W.D. Pa. Feb. 4, 2021).

A large majority of courts across the country have come to the same conclusion that the statute must be lawfully enforced during the entire period, despite the unconstitutional provision being severed. *See Moody v. Synchrony Bank*, 5:20-CV-61 (MTT), 2021 U.S. Dist. LEXIS 57853, 2021 WL 1153036, at \*6 (M.D. Ga. Mar. 26, 2021); *Tuso v. Nat'l Health Agents, LLC*, 2:20-cv-02160-JAM-CKD, 2021 U.S. Dist. LEXIS 115467, 2021 WL 2534220, at \*14 (E.D. Cal. Jun. 21,

2021); *Hossfeld v. Am. Fin. Sec. Life Ins. Co*., 0:19-cv-0597-GAYLES/STRAUSS, 2021 U.S. Dist. LEXIS 112608, 2021 WL 2453114, at *12 (S.D. Fla. Jun. 16, 2021); *Person v. Tech. Educ. Servs*., 1:19-cv-03735-SDG, 2021 U.S. Dist. LEXIS 107417, 2021 WL 2336533, at *11 (N.D. Ga. Jun. 8, 2021); *Doyle v. Fla. Health Sol., Corp*., 19-cv-24016-GAYLES/OTAZO-REYES, 2021 U.S. Dist. LEXIS 102374, 2021 WL 2206614, at *4 (S.D. Fla. Jun. 1, 2021); *LaGuardia v. Designer Brands, Inc*., 2:20-cv-2311, 2021 U.S. Dist. LEXIS 97396, 2021 WL 2092797, at *5 (S.D. Ohio May 24, 2021); *Mey v. MedGuard Alert, Inc*., 5:19-cv-315, 2021 U.S. Dist. LEXIS 80083, 2021 WL 1652945, at *13 (N.D. W.V. Apr. 27, 2021); *Mey v. All Access Telecom, Inc*., 5:19-cv-00237-JPB, 2021 U.S. Dist. LEXIS 80018, at *31 (N.D. W.V. Apr. 23, 2021); *Valdes v. Nationwide Real Estate Execs., Inc.*, SA CV 20-01734-DOC-(JDEx), 2021 U.S. Dist. LEXIS 100931, 2021 WL 2134159, at *7 (C.D. Cal. Apr. 22, 2021); *Gunn v. Prospects DM, LLC*, 4:19CV3129 HEA, 2021 U.S. Dist. LEXIS 74746, 2021 WL 1534234, at *5 (E.D. Mo. Apr. 19, 2021); *Whittaker v. WinRed Tech. Servs. LLC*, CV-20-08150-PCT-JJT, 2021 U.S. Dist. LEXIS 55036, 2021 WL 1102297, at *6 (D. Ariz. Mar. 23, 2021); *Miles v. Medicredit, Inc*., No. 4:20-CV-01186 JAR, 2021 U.S. Dist. LEXIS 55482, 2021 WL 1060105 (E.D. Mo. Mar. 18, 2021); *Boisvert v. Carnival Corp*., No. 8:20-CV-2076-30SPF, 2021 U.S. Dist. LEXIS 47397, 2021 WL 1329079 (M.D. Fla. Mar. 12, 2021); *Massaro v. Beyond Meat, Inc*., No. 320CV00510AJBMSB, 2021 U.S. Dist. LEXIS 46980, 2021 WL 948805, at *28 (S.D. Cal. Mar. 12, 2021); *Stephen v. Rite Aid Corp*., No. CV 20-5601-MWF (PDX), 2021 U.S. Dist. LEXIS 68157, 2021 WL 1255423 (C.D. Cal. Feb. 2, 2021); *DiStasio v. Edible Arrangements, LLC*, No. 3:16-CV-00538 (VLB), 2021 U.S. Dist. LEXIS 18380, 2021 WL 1087499, at *4 (D. Conn. Feb. 1, 2021); *Johansen v. LoanDepot.com LLC*, No. 820CV00919DOCJDE, 2021 U.S. Dist. LEXIS 19562, 2021 WL 669329, at *3 (C.D. Cal. Jan. 31, 2021); *McCurley v. Royal Sea Cruises, Inc*., No. 17-CV-00986-

BAS-AGS, 2021 U.S. Dist. LEXIS 16403, 2021 WL 288164, at *7 (S.D. Cal. Jan. 28, 2021); *Less v. Quest Diagnostics Inc.*, 3:20 CV 2546, 2021 U.S. Dist. LEXIS 14320, 2021 WL 266548 (N.D. Ohio Jan. 26, 2021); *Bonkuri v. Grand Caribbean Cruises, Inc.*, No. 0:20-CV-60638-WPD, 2021 U.S. Dist. LEXIS 30940, 2021 WL 612212 (S.D. Fla. Jan. 19, 2021); *Stoutt v. Travis Credit Union*, No. 2:20-CV-01280 WBS AC, 2021 U.S. Dist. LEXIS 6019, 2021 WL 99636, at *3 (E.D. Cal. Jan. 12, 2021); *Rieker v. Nat'l Car Cure, LLC*, No. 3:20CV5901-TKW-HTC, 2021 U.S. Dist. LEXIS 9133, 2021 WL 210841 (N.D. Fla. Jan. 5, 2021); *Trujillo v. Free Energy*, 19-cv-02072-MCS-SP, 2020 U.S. Dist. LEXIS 239730, 2020 WL 8184336 (C.D. Cal. Dec. 21, 2020); *Shen v. Tricolor Cal. Auto Grp., LLC,* CV 20-7419 PA (AGRx), 2020 U.S. Dist. LEXIS 237582, 2020 WL 7705888 (C.D. Cal. Dec. 17, 2020); *Abramson v. Fed. Ins. Co.*, No 8:19-cv-2523-T-60AAS, 2020 WL 7318953, at *2 (M.D. Fla. Dec. 11, 2020); *Buchanan*, 2020 WL 6381563, at *3; *Schmidt v. AmeriAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); *Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-cv-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020).

The Fourth Circuit also applied *AAPC* in a manner that supports Plaintiff's interpretation of the enforceability of the constitutionally sound provision after a non-constitutional provision is severed. The appellate court continued to enforce the sound portions of the statute despite holding the statute as a whole was unconstitutionally overbroad. In *United States v. Miselis*, 972 F.3d 518 (4th Cir. 2020), the defendants had appealed their conditional guilty pleas for violating the Anti-Riot Act, which contained certain unconstitutional prohibitions against protected speech, insofar as it outlawed speech tending to "encourage" or "promote" a riot, "urging" others to riot,

and involving mere advocacy of violence. *Id*. at 525–26. The Fourth Circuit agreed with the defendants' facial challenges to the statute's constitutionality up to a point, but ultimately concluded that the offending provisions could be severed. *Id*. at 542. The Court affirmed the convictions, reasoning that the defendants' conduct had violated the Act's permissible prohibitions. *Id*. at 547.

As in the instant case, the fact that the *Miselis* defendants violated a statute that contained some unconstitutional elements at the time they engaged in the unlawful acts for which they were convicted did not nullify their convictions because the part of the provision they violated was constitutionally sound. The Fourth Circuit, like the courts applying traditional severance principles to TCPA, applied the law as modified and as permitted by the Constitution. That *Miselis* involved a criminal statute, whereas this case involves civil liability, further militates against Defendants' arguments. Here, the Court should do the same as most courts—*i.e.,* sever the unconstitutional provision, and apply the statute to the extent constitutionally permissible.

Defendants cast their lot with the minority of district court opinions concluding that the TCPA robocall ban was incurably unconstitutional and unenforceable against anyone between the time the government-debt exception was made effective and when the Supreme Court severed it in *AAPC*. These district courts reason as a matter of logic that the severance provision in the TCPA cannot be followed and traditional severance principles are inapplicable. They are wrong.

The TCPA was originally enacted in 1991 and was constitutionally sound up until the government-debt exception was introduced in 2015. *AAPC*, 140 S. Ct. at 2355 ("A generally applicable robocall restriction would be permissible under the First Amendment."). Defendants do not argue to the contrary in their motion to dismiss. The government-debt exception was the only unconstitutional aspect of the law, but it was passed in a different bill long after the TCPA

12

became law. Thus, it was the *2015 amendment* that was void. For "an existing statute cannot be recalled or restricted by anything short of a constitutional enactment." *Frost v. Corp. Comm'n*, 278 U.S. 515, 526 (1929). And, "[i]t has long been settled that 'one section of a statute may be repugnant to the Constitution without rendering the whole act void.'" *Seila Law*, 140 S. Ct. at 2208 (2020) (Roberts, C.J.). Thus, it is the 2015 amendment alone that was a "nullity, wholly without force or vitality." *Frost*, 278 U.S. at 528.

    *Creasy v. Charter Communications, Inc.*, No. 20-1199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020), and *Lindenbaum v. Realgy, LLC*, 1:19-cv-2962, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020), are outliers and should not be followed. The cases rest on the proposition that the robocall restriction cannot be enforced against any robocallers in order to avoid perpetuating the very content-based restriction on speech that *AAPC* confirmed was unconstitutional. *See Lindenbaum*, 2020 WL 6361915, at *7 ("to treat [the robocall restriction] as void *ab initio* only as to certain parties would likely raise its own set of equal treatment concerns—the very concern raised by the *AAPC* dissent"). But once it is understood that the severability provision commands each and every court in the land to sever the unconstitutional government-debt exception and leave the law otherwise unaffected, the flaw in the argument advanced by *Creasy* and *Lindenbaum* is laid bare. It was never permissible to favor debt-collection speech over other forms of speech in enforcing the robocall ban. *See Franklin v. Navient, Inc.*, 1:17-CV-1640-SB, 2021 WL 1535575, at *2 (D. Del. Apr. 19, 2021) ("Courts cannot change the law; they can only declare what the law has always been. When the Supreme Court severed the government-debt exception from the Act, it ruled that the law *never* had the exception—despite the law's text.").

    The severability provision provides guidance to the question whether to "level up" or "level down" the robocall restriction to cure the problem. It requires courts to strike down the

exception and enforce the general robocall ban. "[I]f the exception was void the day it was passed, and Congress's fallback rule was to nix it, then it never took effect." *Franklin v. Navient, Inc.*, 1:17-CV-1640-SB, 2021 WL 1535575, at *3 (D. Del. Apr. 19, 2021). Thus, government-debt collectors, just like run-of-the-mill robocallers like Defendants here, were continuously subject to the general robocall ban, even though the text of the government-debt exception stated otherwise. *See Franklin*, 2021 WL 1535575, at *3 (government debt collector liable for violations of the TCPA's robocall ban committed before *AAPC* was decided); *see also Smith*, 414 F. Supp. 3d at 1230 n.8 ("Severance of the government-debt collection provision does not attach 'new legal consequences' to [non-government debt collector] Defendants' alleged activity.").

Accordingly, imposing liability on Defendants here does not perpetuate the improper speech-content restriction in the TCPA as *Lindenbaum* and *Creasy* contend, because it was always unconstitutional to favor government debt collectors. Striking down the TCPA as incurably unconstitutional from the 2015 amendment to *AAPC* incorrectly treats the government-debt exception as if it was enforceable or had some effect on the TCPA. That would contravene 47 U.S.C. § 608. That would also fly in the face of Congress' clearly stated intent, the objectives of the TCPA, and the application of traditional severability principles in *AAPC*. It threatens to destroy dozens or hundreds of currently pending TCPA cases with the only defect being that *AAPC* was not decided sooner. It would have a chilling effect on Congress who would have no mechanism to amend long-standing laws without the threat of bringing the whole statute down, unless and until the right party obtains a severance remedy in court. It would drastically expand a person's standing to challenge statutes from which they might benefit but which might be unenforceable until the Supreme Court severs the unconstitutional aspects of the law.

14

The course advocated by Defendants is "not a judicially modest approach" and "disrespect[s] the democratic process," *AAPC*, 140 S. Ct. at 2356, by ignoring Congress's clearly stated desire that any unconstitutional parts of the robocall ban be severed and the rest remain unaffected thereby. The 2015 amendment to the TCPA was enacted to benefit a small, well-connected special interest group. It would be wrong if its unintended consequences resulted in depriving millions of U.S. consumers of a remedy for unlawful robocalls.

Finally, even if, as Defendants claim, the TCPA is unenforceable until the government-debt exception is severed from it, that occurred at least as early as March 29, 2018, in *Sliwa v. Bright House*, 2018 WL 1531913, at *6. There, the district court denied a motion for a judgment on the pleadings by severing the exception from the TCPA and the case proceeded, providing the prospective relief for persons like Plaintiffs, who all received unlawful robocalls after that date. Defendants fail to explain why such severance is effective only when the Supreme Court affirms the decisions of lower courts.

### 4. Enforcing the Severability Clause and the General Robocall Ban Against Defendants Would Not Violate Due Process

Before the 2015 amendment, the general robocall prohibition applied to Defendants. After the 2015 amendment, the TCPA still prohibited Defendants' conduct. Defendants attempt to rely on a due process argument that might be plausible (but nevertheless without merit) for government debt collectors but is entirely irrelevant to Defendants who are not engaged in government debt collection. The statute still prohibited Defendants' calls, so Defendants cannot argue they innocently relied on the constitutionality of the government-debt exception in placing the unlawful calls to sell their VSCs.

In any event, whether the Court severs the government-debt exception itself or recognizes that this has already been done, it does not offend the due process rights of Defendants to do so,

15

let alone persons who might have actually relied on the exception in robocalling to collect government debts. "Claims of reliance are thus 'insufficient to deny retroactive application of a new' judicial interpretation." *Franklin*, 2021 WL 1535575, at *3 (quoting *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749,753 (1995)). "Due process does not bar retroactive civil decisions." *Id.* Defendants bring up cases in the criminal context that do not feature civil statutes like the TCPA with severability clauses and a 30-year history of robust enforcement. They have no application here. *See Franklin*, 2021 WL 1535575, at *3 ("Navient had no right to more notice.").

*Cunningham v. Matrix Financial Services, Inc.*, 4:19-cv896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021), is unpersuasive. *Cunningham* concluded that *AAPC* only applied prospectively, but the announcement of the Supreme Court in *AAPC* clearly covers past conduct by holding that "plaintiffs [who challenged the TCPA's constitutionality] *still* may not make political robocalls to cell phones." *AAPC*, 140 S. Ct. at 2344. In addition, *Cunningham* disregards the 30-year history of the TCPA. As cases since *Cunningham* have reasoned, "[u]nder well-established principles, the unconstitutionality of a subsequent amendment has no effect on the original portions of the statute that represented a valid legislative enactment." *Id.* ("[A]n unconstitutional statutory amendment 'is a nullity' and 'void' when enacted, and for that reason has no effect on the original statute."). *Person v. Tech. Educ. Servs, Inc.*, 1:19-CV-03735-SDG, 2021 WL 2336533, at *4 (N.D. Ga. June 8, 2021); *Van Connor v. One Life Am., Inc., Indep. Order of Foresters*, 6:19-CV-03283-DCC, 2021 WL 2667063, at *4 (D.S.C. June 29, 2021) ("If the unconstitutional 2015 amendment was "'a nullity' and 'void' when enacted," *AAPC*, 140 S. Ct. at 2353 (citing *Frost*, 278 U.S. at 526–27), then it stands to reason that the robocall restrictions of the original statute remained in effect thereafter."). Indeed, even *Cunningham* concedes the government debt exception was void from the start. *See* 2021 WL 1226618, at *10. Because the exception was unenforceable, there is no

16

content-based restriction.  If the Court is going to take the TCPA "as it existed when the violative conduct allegedly occurred," *Cunningham*, 2021 WL 1226618, at *9, that should include the 30-year-old general robocall ban enforced hundreds of times and the severability provision requiring courts to sever unconstitutional provisions when applying it to cases before them.

The judicially modest approach is to reject Defendants' urging that we throw the baby out with the bathwater. Furthermore, as shown below, Defendants' arguments do not impact many of Plaintiffs' claims. Therefore, the motion to dismiss should be denied.

### 5.      Plaintiffs' Request for Injunctive Relief and Plaintiffs' Do Not Call Claims Are Unaffected by Defendants' Arguments

Even if the Court is inclined to agree with Defendants' arguments, Plaintiffs' request for injunctive relief and Plaintiffs' Do Not Call Claims under section 227(c) of the TCPA are unaffected. Defendants concede that the general robocall ban is enforceable going forward. Defs.' Br. at 16 (contending that the robocall restriction was unconstitutional in its entirety until the Supreme Court severed it on July 6, 2020). No content-based restrictions on speech are remotely at issue with those provisions. Accordingly, the case should not be dismissed even if the Court agrees with Defendants' arguments. *See Mich. Urgent Care & Primary Care Physicians, P.C. v. Med. Sec. Card Co*., 2021 U.S. Dist. LEXIS 80823, 2021 WL 1663619, at *8 (E.D. Mich. Apr. 28, 2021).

### B.      Plaintiffs State a Claim for a Violation of the TCPA Robocall Restriction

Defendants argue that Plaintiffs do not satisfy the definition of an automatic telephone dialing system. (Defs.' Br. at 15–16). However, Plaintiffs adequately plead violations based on Defendants' use of an artificial or prerecorded voice, and calls to phone numbers on the DNC Registry. TAC ¶¶ 70–88. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), interpreted the definition of an automatic telephone dialing system under 47 U.S.C. § 227(a)(1)(A). The Supreme

Court made clear that its decision in *Facebook* "does not affect" the separate prohibition in 47 U.S.C. § 227(b)(a)(A)–(B) against calls using an artificial or prerecorded voice to various types of phone lines. *Id.* at 1173.[2]

## V.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss should be denied.

Dated: July 7, 2021

KURT MORALES II, BRANDON CALLIER, and LUCAS HORTON, individually, and on behalf of all others similarly situated,

By: */s/ Ian Connor Bifferato*
Ian Connor Bifferato (#3273)
THE BIFFERATO FIRM, P.A.
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 225-7600
Facsimile: (302) 298-0688
Email: cbifferato@tbf.legal

Thomas A. Zimmerman, Jr. (IL #6231944)*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
Email: tom@attorneyzim.com
www.attorneyzim.com

Mark L. Javitch (California SBN 323729)*
JAVITCH LAW OFFICE
480 S. Ellsworth Avenue
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

---

[2] Plaintiffs do not agree with Defendants' characterization of the holding in *Facebook* and reserve the right to argue that Defendants used automatic telephone dialing systems to place the calls to Plaintiffs and the Class members should facts uncovered in discovery support that argument.

18

*Attorneys for Plaintiffs and the Putative Classes*
*Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

I, Ian Connor Bifferato, hereby certify that on this 7th day of July, 2021, a copy of the foregoing *Brief in Support of Plaintiffs' Opposition to Defendants Sunpath Ltd. and Northcoast Warranty Services, Inc.'s Motion to Dismiss* was caused to be served on all counsel of record via CM/ECF.


Dated: July 7, 2021                                      */s/ Ian Connor Bifferato*
                                                                    Ian Connor Bifferato (#3273)

20