IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KURT MORALES II, BRANDON
CALLIER, and LUCAS HORTON,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

SUNPATH LTD., a Delaware corporation, and
NORTHCOAST WARRANTY SERVICES,
INC., a Delaware corporation,

        Defendants.

Civil Action No. 20-1376-RGA

## MEMORANDUM ORDER

Before me is Plaintiffs' Motion for Leave to File a Fourth Amended Complaint. (D.I. 87). I have considered the parties' briefing. (D.I. 88, 90, 91). For the reasons set forth below, this motion is GRANTED.

Plaintiffs Kurt Morales II, Brandon Callier, and others filed this suit on October 9, 2020. (D.I. 1). Since then, Plaintiffs have amended their complaint three times with the agreement of Defendants. (D.I. 12, 46, 58). Plaintiff Lucas Horton was added in the Third Amended Complaint. (D.I. 58). This motion arises because on Plaintiffs' fourth request to amend, Defendants would not agree to the addition of claims under the Texas Business and Commerce Code. (D.I. 87 at 2-3). The deadline for amendments was August 15, 2022 (D.I. 77, ¶ 2), and Plaintiffs timely filed this motion.

1

Federal Rule of Civil Procedure 15(a)(2) states that when a party requests to amend its pleading, "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has construed Rule 15 generally to permit amendment, instructing that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quoting *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)) (emphasis omitted).

Here, Defendants have not demonstrated that Plaintiffs' amendment introduces any "undue or substantial prejudice." Moreover, Plaintiffs have not displayed any "bad faith or dilatory motive, truly undue or unexplained delay, [or] repeated failure to cure deficiency by amendments previously allowed." *Id.* Therefore, Plaintiffs' motion is GRANTED as to all changes outside of Counts III and IV.

As to Count III and Count IV, the remaining requirement is that they not be futile—and they are not. An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The futility analysis follows the standard that applies to a motion under Rule 12(b)(6). *Id.* Thus, an amendment is futile if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

2

The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

By this standard, plaintiffs successfully state a claim under Section 302.101 of the Texas Business and Commerce Code. This Section requires any seller who "make[s] a telephone solicitation from a location in this state or to a purchaser located in this state" to hold "a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code Ann. § 302.101. Moreover, the "chapter shall be liberally construed and applied to promote its underlying purpose to protect persons against false, misleading, or deceptive practices in the telephone solicitation business." Tex. Bus. & Com. Code Ann. § 302.003.

Defendants argue that they are not sellers under Chapter 302 because they did not make the calls in question. (D.I. 90 at 7). However, at this early stage, it is not clear that Defendant did not "make" the calls under a liberal construction and application of the statute. In particular, the statute prohibits unregistered telephone solicitations by salespersons—persons "employed" or "authorized" by the seller. Tex. Bus. & Com. Code Ann. § 302.001. For example, the District Court for the Western District of Texas found a reasonably inferred agency relationship sufficient

3

to support a plausible claim for relief. (*See Callier v. Multiplan, Inc.*, 2021 WL 8053527, at *19 (W.D. Tex. Aug. 26, 2021)). While Defendant is correct that *Multiplan* is not binding on this court (*see* D.I. 90 at 8-9), I nevertheless agree with the conclusion reached in that case.[1]

Based on the facts in the pleadings, a court could draw a reasonable inference here that Defendants or their salespeople were both unregistered in Texas and sufficiently directly responsible for the calls received by Plaintiffs as to be liable under the Texas statute. As in *Multiplan*, the defendants "may be able to contest their status as sellers" at a later stage. 2021 WL 8053527, at *19. Therefore, Plaintiffs' motion is GRANTED as to proposed Count III.

Defendants argue that Count IV under Texas Bus. & Com. Code Ann. § 305.053 is futile because actions under it must be brought in Texas. In particular, the statute reads, "A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication." Tex. Bus. & Com. Code § 305.053. While the statute does include the language "in this state," I read this language as simply creating a state law cause of action, rather than limiting the jurisdiction over that cause of action. Moreover, the only case Defendants cite limiting jurisdiction of the statute did not reach a definite conclusion on the issue of whether claims could be brought outside of Texas. *See Cunningham v. Technologic USA, Inc.*, 2020 WL

---

[1] Defendants also emphasize that the statute defines seller as a person who makes solicitations "on the person's own behalf" rather than "on behalf of another person" (D.I. 90 at 9-10). However, this would only bear on whether the callers themselves are liable under the statute, since, according to the facts pled, the calls were placed on Defendants' behalf.

4

10356246, at *5 (D. Wyo. Jan. 6, 2020).[2] Therefore, Plaintiffs' motion is GRANTED as to proposed Count IV.

IT IS SO ORDERED.

Entered this 20th day of September, 2022.

*Richard G. Andrews*
United States District Judge

---

[2] Defendant later defaulted, but Plaintiff did not then pursue the Texas claim. The Wyoming Court stated it would deny the relief even if Plaintiff had pursued it, because the Texas claim could only be brought in Texas. *Cunningham v. Technologic USA, Inc.*, 2020 WL 10356245, *6 n.6 (D. Wyo. June 17, 2020). I am not convinced. Unless I saw some persuasive reason why a state would create a cause of action that could only be brought in that state, I would only so limit the statute based on clearer language than is at issue here.

5