**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| KURT MORALES II, BRANDON CALLIER, and LUCAS HORTON, individually, and or behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>SUNPATH LTD., a Delaware corporation, NORTHCOAST WARRANTY SERVICES, INC., a Delaware corporation, AMTRUST NORTH AMERICA, INC., a Delaware corporation, SING FOR SERVICE, LLC, a Delaware limited liability company, and PELICAN INVESTMENT HOLDINGS GROUP LLC, a Delaware limited liability company,<br><br>        Defendants. | C.A. NO. 1:20-cv-01376-RGA |

**DEFENDANTS' ANSWER AND DEFENSES TO
FOURTH AMENDED CLASS ACTION COMPLAINT**

Defendants SUNPATH LTD. ("Sunpath") and NORTHCOAST WARRANTY

SERVICES, INC. ("Northcoast" and, together with Sunpath, the "Answering Defendants"), by

and through their undersigned counsel, and to the best of Answering Defendants' knowledge,

information, and belief, hereby answer and assert the following defenses to the Fourth Amended

Class Action Complaint (the "Complaint") filed by Plaintiffs KURT MORALES II, BRANDON

CALLIER, and LUCAS HORTON (collectively, "Plaintiffs").  Answering Defendants include

only Sunpath and Northcoast, and do not include Amtrust North America, Inc. ("Amtrust"), Sing

for Service, LLC ("Mepco"), or Pelican Investment Holdings Group LLC ("AAP" and, together

with Amtrust and Mepco, the "Other Defendants").  Answering Defendants therefore make no

1

answers whatsoever on behalf of the Other Defendants. Answering Defendants are without knowledge sufficient to admit or deny any allegation relating to the Other Defendants; nor does undersigned counsel to Answering Defendants presently represent the Other Defendants in connection with the above-captioned matter.

**NATURE OF THE ACTION**

1.      Denied as stated.  Answering Defendants deny that they make unauthorized or unsolicited phone calls using false or misleading statements to potential consumers using artificial or prerecorded voice messages.  Any remaining factual allegations in Paragraph 1 are denied as to Answering Defendants.

2.      Denied as stated.  The averments contained in Paragraph 2 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.  Answering Defendants deny any violation of the TCPA. To the extent a response pleading is required, Answering Defendants deny the allegations in this paragraph.

3.      Denied. Senate Report No. 102-178 (1991) is a writing that speaks for itself and any characterizations or interpretations by Plaintiffs of such writing are therefore denied. Answering Defendants refer to the writing for the full content and context thereof.

4.      Denied. The TCPA is a statute that speaks for itself and any characterizations or interpretations by Plaintiffs of such statute are therefore denied.   Answering Defendants refer to the writing for the full content and context thereof. Answering Defendants further deny that they made unauthorized calls or that Answering Defendants use technological equipment to spam consumers.

5.      Denied.  *Barr v. American Association of Political Consultants, Inc.*, 140 S.Ct. 2335 (2020) is a writing that speaks for itself and any characterizations or interpretations by

Plaintiffs of such writing are therefore denied. 137 Congressional Record 30821 (1991) is likewise a writing that speaks for itself and any characterizations or interpretations by Plaintiffs of such writing are therefore denied.  Answering Defendants refer to these writings for the full content and context thereof.

6.      Denied. The averments contained in Paragraph 6 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants deny any violation of the TCPA. To the extent a response pleading is required, Answering Defendants deny the allegations in Paragraph 6.

7.      Denied in part; admitted in part. Answering Defendants admit only that Plaintiffs seek certain damages and relief against Answering Defendants and the Other Defendants. Answering Defendants deny that they are responsible or liable, in whole or in part, for sought by Plaintiffs.  Answering Defendants further deny that Plaintiffs have been damaged or are otherwise entitled to any relief.  Answering Defendants further deny the characterization of phone calls made to consumers as they relate to Answering Defendants.

### PARTIES

8.      Admitted upon information and belief.

9.      Admitted upon information and belief.

10.     Admitted upon information and belief.

11.     Admitted.

12.     Admitted.

13.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore they are deemed denied.

14.     Denied.  Answering Defendants are without sufficient knowledge to form a belief

as to the truth of the allegations contained in Paragraph 14, and therefore they are deemed denied.

15.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore they are deemed denied.

## JURISDICTION AND VENUE

16.     The averments contained in Paragraph 16 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

17.     The averments contained in Paragraph 17 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

## COMMON FACTUAL ALLEGATIONS

18.     Denied.  The averments contained in Paragraph 18 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants deny any violation of the TCPA. To the extent a response pleading is required, Answering Defendants deny the allegations in Paragraph 18.

19.     Denied.  Answering Defendants deny that they work in concert with agents or co-conspirators to amass lists of thousands of individuals and then made calls to those individuals using artificial or pre-recorded voice messages.  Answering Defendants further deny that they violated the TCPA.

20.     Answering Defendants are without sufficient knowledge to form a belief as to the truth of the factual allegations contained in Paragraph 20, and therefore they are deemed denied.

21.     Answering Defendants are without sufficient knowledge to form a belief as to the truth of the factual allegations contained in Paragraph 21, and therefore they are deemed denied.

22.     Denied.  Answering Defendants deny they falsely solicited consumers or that they used an automated voice to communicate with consumers.

23.     Denied as stated.  The averments contained in Paragraph 23 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the allegations of this paragraph except that financing may be available for certain vehicle service contracts for certain consumers.

24.     Denied. The averments contained in Paragraph 24 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants deny any violation of the TCPA. To the extent a response pleading is required, Answering Defendants deny the allegations of this paragraph.

25.     Denied.  *Ohio ex rel. Yost v. Jones, et al.*, Case No. 2:22-cv-2700 (S.D. Ohio, filed July 7, 2022) and *Carguard Admin. Inc. v. Nat'l Admin. Serv. Co., LLC*, Case No: 2:21-cv-01037-SMB (D. Ariz., filed June 14, 2021) are writings that speak for themselves and any characterizations or interpretations by Plaintiffs of such writings are therefore denied.  Answering Defendants refer to these writings for the full content and context thereof.  Answering Defendants further deny their behavior is unlawful. Answering Defendants are without knowledge sufficient to admit or deny any allegation in Paragraph 25 relating to that individual identified by Plaintiffs as Mr. Gustav Renny ("Renny"), as Renny is not an officer, director, shareholder, employee, agent, representative, assignee, predecessor, successor, or delegate of the Answering Defendants.

26.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore they are deemed denied.

27.     Denied as stated.  Answering Defendants deny that they were fined or sanctioned by the Kansas Attorney General.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore they are deemed

denied.

28.     Denied as stated.  Answering Defendants deny that they were sued by Catherine Shanahan.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 28, and therefore they are deemed denied.

29.     Denied in part; admitted in part.  Answering Defendants deny that they were sued by Nathen Day. Answering Defendants admit that Plaintiffs stipulated to the dismissal of Matrix Financial Services, LLC. Answering Defendants state that the pleadings in any matter initiated by Nathan Day are writings the contents of which are set forth therein. Answering Defendants refer to those writings in their entirety for the full content and context thereof.

30.     Denied as stated.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore they are deemed denied. By way of further answer, Answering Defendants state that Renny signed a Call Center Marketing Agreement on behalf of National Car Cure, LLC.

31.     Denied as stated.  Answering Defendants are without sufficient knowledge to form a belief concerning the capital structure of Affordable Car Cure, LLC as alleged in the first sentence of this Paragraph and therefor the allegation is deemed denied.  Answering Defendants admit only that Renny signed a Call Center Marketing Agreement on behalf of Affordable Car Cure, LLC. Answering Defendants further deny that NCC, NAPC, ACC, and AAP violated the TCPA on behalf of or with the knowledge of Answering Defendants.

32.     Denied as stated.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore they are deemed denied.

33.     Denied as stated.  Pleadings from any litigation involving Answering Defendants are writings the contents of which are set forth in full therein.  Answering Defendants refer to the writings in their entirety for the full content and context thereof.  Answering Defendants deny Plaintiffs' characterizations averred in Paragraph 33.

34.     Admitted in part; denied in part.  Answering Defendants admit that during the pendency of this litigation one or more Plaintiffs filed a complaint in another jurisdiction asserting substantively identical claims based on substantively identical allegations.  Pleadings from any litigation involving Answering Defendants are writings the contents of which are set forth in full therein.  Answering Defendants refer to the writings in their entirety for the full content and context thereof.  Answering Defendants deny Plaintiffs' characterizations averred in Paragraph 34.

35.     Denied.  The averments contained in Paragraph 35 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.  Answering Defendants deny any violation of the TCPA. By way of further response, any complaints lodged with Better Business Bureau ("BBB") are writings the contents of which are set forth in full therein.  Answering Defendants refer to the writings in their entirety for the full content and context thereof.  Answering Defendants deny Plaintiffs' characterizations averred in Paragraph 35.

36.     Denied.  Any complaints lodged with Better Business Bureau ("BBB") are writings the contents of which are set forth in full therein.  Answering Defendants refer to the writings in their entirety for the full content and context thereof.  Answering Defendants deny Plaintiffs' characterizations and hearsay statements averred in Paragraph 36.

37.     Denied.  Answering Defendants deny that they take no action to avoid doing business with vendors that engage in unlawful sales practices.  Answering Defendants state that

Sunpath requires sales vendors to execute contracts obligating the sales vendors to comply with Standards of Conduct that mandate the vendors engage solely in lawful sales practices.

38.     Denied in part; admitted in part.  Answering Defendants admit only that Sunpath contracts with certain third-party sales vendors to market certain vehicle service contacts that are administered by Sunpath.  By way of further response, Paragraph 38 refers to one or more writings the contents of which are set forth in full therein.  Any characterizations or interpretations by Plaintiffs of such writings are denied and Answering Defendants refer to these writings for the full content and context thereof.

39.     Denied in part; admitted in part.  Answering Defendants admit that Amtrust and Sunpath are parties to a certain Administration Agreement. Answering Defendants further admit that Sunpath and certain third-party sales vendors are parties to Call Center Marketing Agreements.  Answering Defendants refer to those contracts for the full content and context thereof.  Answering Defendants deny the remaining allegations in Paragraph 39.

40.     Denied as stated.  Answering Defendants admit that Amtrust and Sunpath are parties to a certain Administration Agreement. Answering Defendants further admit that Sunpath and certain third-party sales vendors are parties to Call Center Marketing Agreements.  Answering Defendants refer to those contracts for the full content and context thereof.  Answering Defendants deny the remaining allegations in Paragraph 40.

41.     Denied as stated.  Answering Defendants deny that they have control over the list of persons to call, the timing, frequency, and manner of calls, and the contents of the calls.  Answering Defendants admit only that they require third-party sales vendors to execute contracts requiring the vendors to engage in lawful sales practices.

42.     Denied as stated.  Answering Defendants deny that they direct or control the

conduct of third-party sales vendors.   Answering Defendants admit only that they require third-party sales vendors to execute contracts requiring the vendors to engage in lawful sales practices.

43.    Denied.   Answering Defendants deny that they knowingly participated in any conduct that violated the TCPA or state law.

44.    Denied as stated. Answering Defendants deny that they direct or control the conduct of third-party sales vendors.   Answering Defendants admit only that they require third-party sales vendors to execute contracts requiring the vendors to engage in lawful sales practices.

45.    Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 45 and footnote 1 thereto, and therefore they are deemed denied.  By way of further response, footnote 1 contains reference to a writing that speak for itself and any characterizations or interpretations by Plaintiffs of such writing is therefore denied.  Answering Defendants refer to this writing for the full content and context thereof.

46.    Denied. Answering Defendants deny that they knowingly participated in any conduct that violated the TCPA or state law.

47.    Denied.  Answering Defendants deny that they take no action to avoid doing business with vendors that engage in unlawful sales practices.  Answering Defendants state that Sunpath requires sales vendors to execute contracts obligating the sales vendors to comply with Standards of Conduct that mandate the vendors engage solely in lawful sales practices

### *Plaintiff Kurt Morales II*

48.    Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 48, and therefore they are deemed denied.

49.    Denied.  Answering Defendants are without sufficient knowledge to form a belief

as to the truth of the allegations contained in Paragraph 49, and therefore they are deemed denied.

50.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 50, and therefore they are deemed denied.

51.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 51, and therefore they are deemed denied.

52.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 52, and therefore they are deemed denied. Answering Defendants further state that pleadings asserted in the Southern District of Ohio are writings the contents of which are set forth in full therein.  Answering Defendants refer to the writings in their entirety for the full content and context thereof.

53.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 53, and therefore they are deemed denied.

54.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 54, and therefore they are deemed denied.

55.     Denied.

56.     Denied as stated.  Answering Defendants deny that they sold a vehicle service contract to Morales.

57.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 57, and therefore they are deemed denied.

### *Plaintiff Brandon Callier*

58.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 58, and therefore they are deemed denied.

59.     Denied.  Answering Defendants are without sufficient knowledge to form a belief

as to the truth of the allegations contained in Paragraph 59, and therefore they are deemed denied.

60.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 60, and therefore they are deemed denied.

61.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 61, and therefore they are deemed denied.

62.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore they are deemed denied. By way of further answering, Answering Defendants deny that they sold a vehicle services contract to Callier.

63.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 63, and therefore they are deemed denied. By way of further answering, Answering Defendants deny that an agent of Answering Defendant made calls to Callier.

64.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 64, and therefore they are deemed denied.

65.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 65, and therefore they are deemed denied.

66.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 66, and therefore they are deemed denied. By way of further answering, Answering Defendants deny that they sold a vehicle services contract to Callier.

67.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 67, and therefore they are deemed denied.

68.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 68, and therefore they are deemed denied. By way of further answering, Answering Defendants deny that they sold a vehicle services contract to Callier.

69.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 69, and therefore they are deemed denied.

### *Plaintiff Lucas Horton*

70.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 70, and therefore they are deemed denied.

71.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 71, and therefore they are deemed denied.

72.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 72, and therefore they are deemed denied.

73.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 73, and therefore they are deemed denied. By way of further answering, Answering Defendants deny that they sold a vehicle services contract to Callier.

74.     Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 74, and therefore they are deemed denied.

### FACTS COMMON TO ALL PLAINTIFFS

75.     Denied.  The averments contained in first sentence of Paragraph 75 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.   Answering Defendants further deny that all Plaintiffs did not consent to

receiving phone calls.

76.     Denied in part; admitted in part.  Answering Defendants admit only that vehicle service contracts are with parties other than the original manufacturer of the vehicle.  The remaining factual allegations in Paragraph 76 are denied as to Answering Defendants.  Answering Defendants further deny the characterization that they "falsely inform[ ] the customers" about vehicle service contracts.

77.     Denied in part; admitted in part.  Answering Defendants admit only that they are not employees of auto dealerships.  The remaining factual allegations in Paragraph 77 are denied as to Answering Defendants.

78.     Denied. Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 78, and therefore they are deemed denied

79.     Denied.  Answering Defendants deny that they called Plaintiffs to offer to sell vehicle service contracts.

80.     Denied as stated.  The averments contained in Paragraph 80 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.  To the extent a response pleading is required, Answering Defendants deny the averments in this paragraph.

81.     Denied.  Answering Defendants deny that Plaintiffs have incurred any damages or that Answering Defendants have engaged in any unlawful conduct.

### CLASS ALLEGATIONS

82.     Denied in part; admitted in part. Answering Defendants admit only that an Action has been filed against them by Plaintiffs in which Plaintiffs purport to assert class claims. Answering Defendants otherwise deny that Plaintiffs have any right to maintain this Action, that

the purported classes alleged by Plaintiffs are common, numerous, and typical or that class certification is practical or appropriate. Answering Defendants further deny that Plaintiffs are entitled to any of the relief sought in the Complaint as it relates to Answering Defendants.

83.     Denied in part; admitted in part. Answering Defendants admit only that an Action has been filed against them by Plaintiffs in which Plaintiffs purport to assert class claims. Answering Defendants otherwise deny that Plaintiffs have any right to maintain this Action, that the purported classes alleged by Plaintiffs are common, numerous, and typical or that class certification is practical or appropriate. Answering Defendants further deny that Plaintiffs are entitled to any of the relief sought in the Complaint as it relates to Answering Defendants

84.     Denied. The averments contained in Paragraph 84 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the averments in this paragraph. Answering Defendants further deny that Renny is their agent. Answering Defendants further deny that they make calls to consumers to sell vehicle service contracts or that they maintain records related to calls that they do not make.

85.     Denied. The averments contained in Paragraph 85 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the averments in this paragraph.

86.     Denied. The averments contained in Paragraph 86 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the averments in this paragraph.

87.     Denied.  The averments contained in Paragraph 87 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the averments in this paragraph

88.     Denied.  The averments contained in Paragraph 88 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the averments in this paragraph. By way of further answer, Answering Defendants deny that they or agents of theirs made unlawful phone calls to Plaintiffs or others.

89.     Denied.  The averments contained in Paragraph 89 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the averments in this paragraph. By way of further answer, Answering Defendants deny that they or agents of theirs made unlawful phone calls to Plaintiffs or others.

## <u>COUNT I</u>
**Violation of Telephone Consumer Protection Act, 47 U.S.C. § 227(b)**
(***On Behalf of All Monetary Relief Classes and Injunctive Relief Classes
and Against All Defendants***)

90.     Answering Defendants incorporate by reference its answers to Paragraphs 1 through 89 of Plaintiffs' Complaint, as set forth above.

91.     Denied.  Answering Defendants deny that they or agents of theirs made unlawful phone calls to Plaintiffs or others.

92.     Denied. Answering Defendants deny that they or agents of theirs made unlawful phone calls to Plaintiffs or others.

93.     Denied. The averments contained in Paragraph 93 constitute conclusions of law to

which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants deny any violation of the TCPA.  To the extent a response pleading is required, Answering Defendants deny the allegations in Paragraph 93.

94.     Denied. The averments contained in Paragraph 94 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants deny any violation of the TCPA.  To the extent a response pleading is required, Answering Defendants deny the allegations in Paragraph 94.

95.     Denied. The averments contained in Paragraph 95 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants deny any violation of the TCPA.  To the extent a response pleading is required, Answering Defendants deny the allegations in Paragraph 95.

96.     Denied. The averments contained in Paragraph 96 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants deny any violation of the TCPA.  To the extent a response pleading is required, Answering Defendants deny the allegations in Paragraph 96.

97.     Denied. The averments contained in Paragraph 97 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants deny any violation of the TCPA.  To the extent a response pleading is required, Answering Defendants deny the allegations in Paragraph 97.

### COUNT II
**Violation of Telephone Consumer Protection Act, 47 U.S.C. § 227(c)**
(*On Behalf of All Do Not Call Classes and Against All Defendants*)

98.     Answering Defendants incorporate by reference its answers to Paragraphs 1 through 97 of Plaintiffs' Complaint, as set forth above.

99.    Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 99, and therefore they are deemed denied.

100.    Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 100, and therefore they are deemed denied.

101.    Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 101, and therefore they are deemed denied.

102.    Denied.  Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 102, and therefore they are deemed denied.

103.    Denied.  Answering Defendants deny that they or agents of theirs made unlawful phone calls to Plaintiffs or others.

104.    Denied.  Answering Defendants deny that they or agents of theirs made unlawful phone calls to Plaintiffs or others.

105.    Denied.  The averments contained in Paragraph 105 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the allegations in this paragraph.

106.    Denied.  The averments contained in Paragraph 106 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the allegations in this paragraph.

107.    Denied.  The averments contained in Paragraph 107 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the allegations in this

paragraph.

108.    Denied.  Answering Defendants deny that they made calls to Plaintiffs.

109.    Denied.  The averments contained in Paragraph 109 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the allegations in this paragraph.

110.    Denied.  The averments contained in Paragraph 110 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the allegations in this paragraph.

111.    Denied in part; admitted in part. Answering Defendants admit only that Plaintiffs seek certain damages and relief.  Answering Defendants deny that Plaintiffs have been damaged and deny that Answering Defendants they are responsible or liable, in whole or in part, for any alleged damages or relief sought by Plaintiffs.  Answering Defendants further deny any violation of the TCPA.

<u>**COUNT III**</u>
**Violation of Texas Business and Commerce Code § 302.101**
**Texas State TCPA Law**
(***On Behalf of All Texas Subclasses and Against All Defendants***)

112.    Answering Defendants incorporate by reference its answers to Paragraphs 1 through 111 of Plaintiffs' Complaint, as set forth above.

113.    Denied.  The averments contained in Paragraph 113 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent a response pleading is required, Answering Defendants deny the allegations in this paragraph.

114.   Denied.  The averments contained in Paragraph 114 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants further state that the statute is a writing the contents of which are set forth in full therein.  Answering Defendants refer to the writing in its entirety for the full content and context thereof.

115.   Denied.  Answering Defendants deny that they or agents of theirs made unlawful calls to Plaintiffs or others.

116.   Denied in part; admitted in part. Answering Defendants admit only that Plaintiffs seek certain damages and relief.  Answering Defendants deny that Plaintiffs have been damaged and deny that Answering Defendants are responsible or liable, in whole or in part, for any alleged damages or relief sought by Plaintiffs.  Answering Defendants further deny any violation of the TCPA or Texas state law.

117.   Denied in part; admitted in part. Answering Defendants admit only that Plaintiffs seek certain damages and relief.  Answering Defendants deny that Plaintiffs have been damaged and deny that Answering Defendants are responsible or liable, in whole or in part, for any alleged damages or relief sought by Plaintiffs.  Answering Defendants further deny any violation of the TCPA or Texas state law.

### COUNT IV
**Violation of Texas Business and Commerce Code § 305.053**
**Texas State TCPA Law**
(***On Behalf of All Texas Subclasses and Against All Defendants***)

118.   Answering Defendants incorporate by reference its answers to Paragraphs 1 through 117 of Plaintiffs' Complaint, as set forth above.

119.   Denied.  The averments contained in Paragraph 119 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied.

120.    Denied.  The averments contained in Paragraph 119 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. To the extent that a response is required, the averments in this paragraph are denied. Answering Defendants deny that they violated the TCPA and its regulations.

121.    Denied.  The averments contained in Paragraph 121 constitute conclusions of law to which no response is required by the Federal Rules of Civil Procedure, and are therefore denied. Answering Defendants deny that Plaintiffs have been damaged and deny that Answering Defendants are responsible or liable, in whole or in part, for any alleged damages or relief sought by Plaintiffs.  Answering Defendants further deny any violation of the TCPA or Texas state law.

122.    Denied in part; admitted in part. Answering Defendants admit only that Plaintiffs seek certain damages and relief.  Answering Defendants deny that Plaintiffs have been damaged and deny that Answering Defendants are responsible or liable, in whole or in part, for any alleged damages or relief sought by Plaintiffs.  Answering Defendants further deny any violation of the TCPA or Texas state law

123.    Denied in part; admitted in part. Answering Defendants admit only that Plaintiffs seek certain damages and relief.  Answering Defendants deny that Plaintiffs have been damaged and deny that Answering Defendants are responsible or liable, in whole or in part, for any alleged damages or relief sought by Plaintiffs.  Answering Defendants further deny any violation of the TCPA or Texas state law.

### PRAYER FOR RELIEF

Answering Defendants deny that Plaintiffs are entitled to any relief in connection with the allegations set forth in its Complaint, including, but not limited to, the allegations set forth in Plaintiffs' Prayer for Relief in the unnumbered "**WHEREFORE**" clause following Paragraph 123,

including subparts A through J.  Any remaining allegations therein are denied.

## JURY DEMAND

Answering Defendants deny that Plaintiffs are entitled to a trial by jury on all claims asserted in the Complaint.  Any allegations not specifically addressed above are denied.

## AFFIRMATIVE DEFENSES

Answering Defendants assert the following affirmative defenses with respect to Plaintiffs' causes of action and claims contained in the Complaint:

## FIRST DEFENSE

Plaintiffs' claims are barred because they fail to set forth claims upon which relief may be granted and fail to set forth sufficient ultimate facts in support of a claim for violations of the TCPA or Texas Business and Commerce Code.

## SECOND DEFENSE

Plaintiffs' claims are barred because they fail to satisfy all conditions precedent and necessary to maintaining their claims including, but not limited to, standing or damages.

## THIRD DEFENSE

To the extent that Plaintiffs suffered any actual damages (they did not), Plaintiffs' claims are barred because Plaintiffs failed to mitigate, minimize, limit, or otherwise avoid their alleged damages and Answering Defendants are therefore entitled to have sums to which Plaintiffs are entitled, if any, reduced by the amount that Plaintiffs could reasonably have been able to mitigate, minimize, limit, or otherwise avoid such alleged damages.

## FOURTH DEFENSE

Plaintiffs' claims for treble damages are barred because Answering Defendants did not knowingly or willfully engage in any unlawful conduct or in any way violate the TCPA, nor did

they knowingly violate the Texas Business and Commerce Code.

## FIFTH DEFENSE

Plaintiffs' claims are barred because one or more Plaintiffs consented to the alleged phone calls and suffered no injuries therefrom.

## SIXTH DEFENSE

Plaintiffs' claims are barred because they are brought with unclean hands or otherwise made in bad faith.  Plaintiffs are pursuing this Action with the ulterior motive to illicit cash settlements from Answering Defendants where no valid causes of action exist.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs fail to sufficiently allege that a class action is proper or appropriate and because Plaintiffs fail to satisfy the prerequisites under Rule 23(a) of the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of claim splitting, estoppel, and/or res judicata.

## RESERVATION OF RIGHT
## TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

Answering Defendants have not knowingly or intentionally waived any applicable rights and/or defenses and reserve the right to assert and rely upon other applicable defenses that may become available or apparent, including those which arise during or as a result of discovery in this action.  Answering Defendants reserve the right to amend or seek to amend this Answer and/or Affirmative Defenses.

## ATTORNEYS' FEES AND COSTS

Answering Defendants are entitled to an award of attorneys' fees and costs pursuant to 28

U.S.C. § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

**WHEREFORE**, Answering Defendants respectfully request that this Court: (i) dismiss

Plaintiffs' Complaint with prejudice; (ii) award Answering Defendants reasonable attorneys' fees

incurred in defense of this Action; and (iii) grant Answering Defendants any other or further relief

that this Court deems is just and proper.

**BERGER HARRIS LLP**

*/s/ David B. Anthony*
Michael W. McDermott, Esq. (DE I.D. 4434)
David B. Anthony, Esq. (DE I.D. 5452)
Peter C. McGivney, Esq. (DE I.D. 5779)
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801
Telephone:    302-655-1140
mmcdermott@bergerharris.com
danthony@bergerharris.com
pmcgivney@bergerharris.com

*Attorneys for Defendants Sunpath Ltd. and Northcoast Warranty Services, Inc.*

Dated: October 5, 2022