IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| KURT MORALES II, BRANDON CALLIER, LUCAS HORTON, individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>SUNPATH LTD., a Delaware corporation, NORTHCOAST WARRANTY SERVICES, INC., a Delaware corporation, AMTRUST NORTH AMERICA, INC., a Delaware corporation, SING FOR SERVICE, LLC, a Delaware limited liability company, and PELICAN INVESTMENT HOLDINGS LLC, a Delaware limited liability company,<br><br>      Defendants. | Case No.: 20-cv-01376-RGA-JLH |

**MOTION FOR LEAVE TO WITH WITHDRAW
AS COUNSEL TO DEFENDANT SUNPATH LTD.**

Michael W. McDermott, Esquire, David Anthony, Esquire, Peter McGivney, Esquire, and Berger McDermott, LLP (collectively, "Withdrawing Counsel"), hereby move the Court for leave to withdraw as counsel of record for defendant Sunpath Ltd. in the above-captioned action. Withdrawing Counsel moves pursuant to the Delaware Lawyers' Rules of Professional Conduct Rule 1.16(b)(4) and Rule 1.16(b)(5), and for other reasons of professional consideration. The relationship between Withdrawing Counsel and Sunpath is irreparable as there exists a fundamental disagreement between Withdrawing Counsel and Sunpath concerning the scope and requirements of the representation. Withdrawing Counsel and Sunpath cannot reconcile their disagreement, therefore withdrawal is necessary and appropriate in accordance with Rule 1.16(b)(4). As a result of the disagreement between Withdrawing Counsel and Sunpath, Withdrawing Counsel can no longer make representations on Sunpath's behalf. In addition,

Sunpath has not abided by its contractual obligations owed to Withdrawing Counsel and has stopped paying for Withdrawing Counsel's services. For this reason, too, Withdrawing Counsel is permitted to withdraw from the representation in accordance with Rule 1.16(b)(5).

Sunpath has indicated to Withdrawing Counsel that it does not oppose this motion. Neither Sunpath nor Plaintiffs will be prejudiced by Withdrawing Counsel's withdrawal because there are no immediate case scheduling deadlines and Sunpath could engage replacement counsel without causing delay to the case schedule.[1]  Conversely, Withdrawing Counsel will be prejudiced if this motion is not granted because we would be required to represent a client with which there is a fundamental disagreement concerning the scope and requirements of the representation, while at the same time not being compensated for such representation.

WHEREFORE, for good cause shown, Withdrawing Counsel respectfully requests that the Court grant the motion and enter an Order in substantial conformity with the form of Order filed contemporaneously herewith.

                **BERGER HARRIS LLP**

                */s/ David B. Anthony*
                Michael W. McDermott, Esq. (DE I.D. 4434)
                David B. Anthony, Esq. (DE I.D. 5452)
                Peter C. McGivney, Esq. (DE I.D. 5779)
                1105 N. Market St., 11th Floor
                Wilmington, Delaware 19801
                Telephone:     302-655-1140
                mmcdermott@bergermcdermott.com
                danthony@bergermcdermott.com
                pmcgivney@bergermcdermott.com

                *Withdrawing attorneys for Sunpath Ltd.*

Dated: December 13, 2023

---

[1] There is a discovery dispute teleconference scheduled for December 21, 2023 in this matter. [D.I. 210].