IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KURT MORALES II, BEN FABRIKANT, )
STEPHEN OST, BRANDON CALLIER, )
and NATHAN BYARS, individually, and or )
on behalf of all others similarly situated, )
)
        Plaintiffs, )
)
v. )   Civil Action No. 20-1376-JLH-SRF
)
SUNPATH LTD., a Delaware corporation, )
NORTHCOAST WARRANTY SERVICES, )
INC., a Delaware corporation, AMTRUST )
NORTH AMERICA, INC., a Delaware )
corporation, SING FOR SERVICE, LLC, a )
Delaware limited liability company, and )
PELICAN INVESTMENT HOLDINGS )
LLC, a Delaware limited liability company, )
AFFORDABLE AUTO SHIELD, INC., a )
Delaware limited liability company, )
)
        Defendants. )

## MEMORANDUM ORDER

At Wilmington this **20th** day of **March, 2024**, the court having considered the parties' submissions on the pending motion for leave to withdraw as counsel, filed by Pelican Investment Holdings Group, LLC ("Pelican") (D.I. 233);[1] the motion for a protective order, filed by defendant Affordable Auto Shield, Inc. ("AAS") (D.I. 235);[2] and Plaintiffs' motion to compel discovery, (D.I. 252)[3], and having heard argument on the pending motions and issued bench rulings on March 19, 2024, which are hereby incorporated by reference, IT IS ORDERED that:

---

[1] The briefing on Pelican's motion to withdraw as counsel is found at D.I. 233 and D.I. 234.
[2] The briefing on the motion for a protective order is found at D.I. 235, D.I. 241, and D.I. 243.
[3] The briefing on the motion to compel discovery is found at D.I. 253, D.I. 254, and D.I. 255.

1. **The motion for leave to withdraw as counsel for Pelican is DENIED without prejudice.** The law firm of O'Hagan Meyer PLLC and attorney Stephen D. Dargitz ("Movants") move for leave to withdraw as counsel for Pelican, citing Rules 1.16(b)(5) and (b)(6) of the Delaware Lawyers' Rules of Professional Conduct and stating that they have not been paid by Pelican. (D.I. 233 at 1-2) District of Delaware Local Rule 83.6(d) provides that all attorneys admitted or authorized to practice before the United States District Court for the District of Delaware shall be governed by the American Bar Association's Model Rules of Professional Conduct ("Model Rules"). D. Del. LR 83.6(d). The provisions in the ABA's Model Rules that are applicable to this case are identical to the corresponding provisions of the Delaware Lawyers' Rules of Professional Conduct.

2. Model Rules 1.16(b)(5) and (b)(6) provide that a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," and "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client," respectively. Model Rule 1.16(c) sets forth an exception to Model Rule 1.16(b), providing that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Model Rule 1.16(c); *see Taylor v. U.S.*, C.A. No. 12-12-SLR-SRF, 2013 WL 1897839, at *2 (D. Del. May 7, 2013). Local Rule 83.7 also provides that a court order is required when withdrawal will leave a party without "a member of the Bar of this Court appearing as counsel of record for the party." D. Del. LR 83.7.

3. The decision on whether to grant a motion to withdraw is committed to the discretion of the court. *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014). The motion to withdraw must "demonstrate[ ] to the satisfaction of the district court that [counsel's] appearance serves no meaningful purpose." *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022) (internal citations and quotation marks omitted). Movants have not met this standard in the instant case. The only reason cited in support of the proposed withdrawal is the nonpayment of fees. (D.I. 233 at 2) The motion is not accompanied by an affidavit or declaration addressing the claimed financial burden on counsel or counsel's attempt to collect the fees owed, nor does it address the extent of the outstanding balance, whether a retainer was negotiated at the outset of the representation and was since exhausted, or when payment of fees stopped in this case which is now nearly four years old.

4. Moreover, Pelican "is a corporation, it cannot represent itself in federal court, [therefore,] this is not a situation where counsel serves no meaningful purpose." *Leonite Capital LLC v. Founders Bay Holdings*, C.A. No. 22-1547-TBD, 2023 WL 4198863, at *2 (D. Del. June 27, 2023). Movants' representations in two emails to Plaintiffs' counsel on January 23, 2024, about Pelican and AAS's discovery responses are at odds with their representations in the motion to withdraw that they notified Pelican of their intent to withdraw on the same date. (*Compare* D.I. 234, Ex. 1 at 2-3, *with* D.I. 233 at ¶ 2) The emails disclose Movants' efforts to prepare Pelican's discovery responses, representing that "[w]e are still gathering information in response to your questions" and "[w]e are gathering the information provided by our clients so that we can respond to the myriad issues you raise. While we appreciate your perspective, we need additional time in order to make sure we have enough information to respond." (D.I. 234, Ex. 1 at 2-3) Yet Movants represented that they notified Pelican of their intention to withdraw on the

3

same date: "At least two weeks ago, Withdrawing Counsel gave notice to [Pelican] that it would file this motion to withdraw unless [Pelican] fulfilled its obligations" to compensate Movants. (D.I. 233 at ¶ 2) The conflicting representations suggest a tactical move to gain time for filing a motion to withdraw and thus, avoid Pelican's discovery obligations in the wake of the court's December 21 order denying Pelican's earlier motion to stay discovery while its motion to dismiss remains pending.

5. For these reasons, the motion to withdraw as counsel is DENIED without prejudice. In the absence of a substitution of counsel, the motion may be renewed when Movants' client, Pelican, responds to Plaintiffs' discovery requests in accordance with the rulings made in this Memorandum Order.

6. **Plaintiffs' motion to compel Pelican to respond to discovery requests is GRANTED.** Plaintiffs move to compel Pelican to produce call logs and other records of sales calls, as well as documents and information relating to Pelican's sources of leads, consent, opt ins, and communications with the other Defendants. (D.I. 252 at 3-4) The accompanying proposed order identifies the relevant discovery requests as Request for Production Nos. 5-14, 19-23, 25-27, and 32-39, and Interrogatory Nos. 4, 6, 7, and 9-17. (*Id.*, Ex. 1 at 2) Pelican has offered no response to Plaintiffs' motion to compel.

7. Pelican served its amended responses and objections to Plaintiffs' first set of interrogatories on March 1, 2023, and it served its responses and objections to Plaintiffs' requests for production on August 4, 2023. (D.I. 252, Ex. 9) Thereafter, Pelican filed a motion to dismiss the fifth amended complaint and pursued a motion to stay discovery pending resolution of the motion to dismiss. (D.I. 170; D.I. 176) During the teleconference on December 21, 2023, the court denied Pelican's motion to stay discovery, stating that "[w]e'll take up the motions to

4

dismiss that are pending as soon as we can, but in the meantime the discovery is going to go forward." (D.I. 226; D.I. 235, Ex. B at 18:23-25) The court also ordered Pelican to produce call logs, documents regarding the methods used to place the calls, consent records, opt-ins, and sources of leads, noting that Pelican had made no argument suggesting that the information was not in its possession or that it would be burdensome to produce. (D.I. 235, Ex. B at 19:1-20:8)

8. In accordance with the court's December 21 order, Plaintiffs' motion to compel Pelican to produce call logs, call recordings, documents regarding the systems and methods used to place the calls, consent records, opt-ins, and sources of leads is GRANTED. Because Plaintiffs' motion to compel Pelican to respond to the discovery requests is unopposed, the motion to compel is further GRANTED as to any requests not previously addressed by the court's December 21 ruling. *See SWIMC, Inc. v. Hy-Tech Thermal Sols., LLC*, C.A. No. 08-084-SLR, 2009 WL 1795177, at *3 (D. Del. June 24, 2009) (granting unopposed motion to compel discovery). Pelican shall respond to Request for Production Nos. 5-14, 19-23, 25-27, and 32-39, and shall serve verified answers to Interrogatory Nos. 4, 6, 7, and 9-17 on or before April 2, 2024.

9. Plaintiffs' moving submission and proposed form of order also seek sanctions against Pelican in the form of Plaintiffs' attorneys' fees and costs for meeting and conferring and bringing the instant motion to compel. Plaintiffs' request for sanctions is DENIED without prejudice.

10. **AAS's motion for a Protective Order is DENIED.** The proposed order attached to AAS's motion requests a stay of all discovery as to AAS pending further order of the court: "[P]ending further order of the Court, and consistent with the Motion, AAS shall not be obligated to respond further to the discovery propounded by Plaintiffs." (D.I. 235-1) AAS's

5

alleged affiliated company, Pelican, through its same counsel, previously requested the same relief in the form of a motion to stay discovery (D.I. 176), and the request was rejected by the court during the December 21, 2023 discovery dispute teleconference, (D.I. 235, Ex. B at 18:17-25; D.I. 226).  AAS has not demonstrated good cause to deviate from the court's prior ruling. *See Amicus Therapeutics US, LLC v. Teva Pharms. USA, Inc.*, C.A. No. 22-1461-CJB, 2023 WL 5289440, at *1 (D. Del. Aug. 17, 2023) ("A party seeking a protective order bears the burden of showing good cause for its issuance." (citing *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 183 (D. Del. 2010)).

11. AAS's briefing in support of its motion for a protective order describes various categories of discovery sought by Plaintiffs.  The court addresses AAS's arguments regarding the items of discovery in issue in its analysis of Plaintiffs' motion to compel beginning at ¶ 12, *infra*.

12. **Plaintiffs' motion to compel AAS to respond to discovery requests is GRANTED.**  Plaintiffs move to compel AAS to produce call logs and other records of sales calls, as well as documents and information relating to sources of leads, consent, opt ins, and communications with the other Defendants. (D.I. 252 at 3-4)  The accompanying proposed order identifies the relevant discovery requests as Request for Production Nos. 5-19, 21, 22, 25, 27-32, and 35-40, and Interrogatory Nos. 7, 8, and 10. (*Id.*, Ex. 1 at 2)

13. AAS argues that it should not be compelled to produce outbound call logs because the information is not relevant to any claims made in the fifth amended complaint. (D.I. 253 at 1-3)  AAS's argument ignores the fact that this issue was previously heard by the court, and AAS was ordered to produce its call logs. (D.I. 235, Ex. B at 30:14-16)  AAS has not persuasively argued that such call logs do not exist.  Although AAS now suggests that it "does not retain call logs of communications with consumers," when the court ordered AAS to produce call logs

6

during the December 21 teleconference, counsel for AAS confirmed that the order "sound[ed] fair to AAS[.]" (D.I. 253 at 2, Ex. E at ¶ 4; D.I. 235, Ex. B at 30:14-17)

14. In its responsive letter brief and at the March 19 hearing, AAS did not offer a compelling response to Plaintiffs' suggestion that AAS could obtain the requested call logs from its telecommunications service provider or its ViciDial dialing software used by vendors and AAS management. (*Id.*, Ex. B at 12:13-22; D.I. 241, Ex. B at 56:21-57:16, 68:7-69:18, 145:13-21) During the March 19 hearing, Plaintiffs represented that they subpoenaed AAS's provider, AT&T, for the records, but they do not want to pay AT&T for them. (3/19/2024 Tr.) AAS's argument that only AT&T has possession, custody, or control of the phone records is not persuasive, and AAS has not explained how it plausibly lacks possession of records it was likely provided, or at a minimum could obtain from its own service provider.

15. AAS's argument that there are no logs of outbound calls is also unpersuasive. AAS's own letter submission states that "AAS does not make outbound calls *unless initially contacted by a customer first*," confirming that AAS does make outbound calls to consumers. (D.I. 253 at 2) To the extent that AAS now claims calls were occasionally "transferred to AAS from MMS, a now-defunct entity in the Philippines," the court notes that these allegations were not raised during the December 21 teleconference when the court ordered AAS to produce call logs. (D.I. 253 at 2; D.I. 235, Ex. B at 29:21-30:17; Ex. D at 4) Counsel for AAS represented that the interrogatory responses were subsequently amended to reflect the allegations about MMS, but the record before the court does not contain those amended interrogatory responses, and counsel for Plaintiffs did not recall receiving formal amended verified responses. (3/19/2024 Tr.)

**16.** The record also fails to support AAS's attempt to draw a distinction between inbound and outbound call records, or between "call logs" and "call records." During the December 21 teleconference, the court ordered AAS to produce outgoing call logs directly after counsel explained that an order compelling the production of call logs would inherently encompass both ingoing and outgoing call records. (D.I. 235, Ex. B at 30:12-16) Plaintiffs challenge AAS's representation that it makes no outbound calls, citing a civil action pending in the Northern District of Texas which alleges that AAS makes outgoing robocalls to consumers. (*Id.*, Ex. B at 29:21-30:3; D.I. 152 at ¶¶ 6-7); *see Forteza v. Affordable Auto Shield Inc.*, C.A. No. 3:23-875, D.I. 3 (N.D. Tex. Apr. 25, 2023). As noted during the December 21 teleconference, the production of AAS's call logs is necessary to resolve the factual dispute between the parties as to whether and to what extent AAS places outbound calls to consumers. (D.I. 235, Ex. B at 30:5-9) On this record, AAS cannot argue in good faith that it is not in the possession, custody, or control of responsive call logs and/or call records, and AAS remains under an obligation to comply with the court's December 21 order.

**17.** AAS also maintains that it should not be required to produce discovery in response to Plaintiffs' requests because no class claims have been asserted against AAS. (D.I. 253 at 2) This position ignores the fact that the fifth amended complaint avers that AAS and Pelican are alter egos, with AAS assuming Pelican's activities when Pelican was dissolved after being sued by consumers and regulators. (D.I. 152 at ¶¶ 6, 64, 92, 141-45; *see also* D.I. 235, Ex. B at 13:6-14)

**18.** Next, AAS contends that it should not be compelled to produce its communications with other defendants or third parties because the court previously determined the production of all documents and communications was overbroad. (D.I. 253 at 2) The portion of the December

21 transcript cited by AAS in support of its argument addressed discovery requests propounded on Mepco, and it did not pertain to AAS or Pelican. (D.I. 235, Ex. B at 26:15-29:13) When the court addressed the objections of AAS and Pelican to Plaintiffs' discovery requests during the December 21 teleconference, the issue of producing communications with other defendants and third parties was not raised. (*Id.*, Ex. B at 18:14-20:10)

19. Finally, AAS alleges that vehicle service contract ("VSC") records placed or sold by AAS have already been produced. (D.I. 253 at 3) During the hearing, counsel for Plaintiffs clarified that underlying contract data regarding the VSCs was obtained via a subpoena served on Forte Data Systems ("Forte"), and Plaintiffs have not been able to confirm whether the documents produced in response to the subpoena represent the complete universe of VSC data requested. (3/19/2024 Tr.) AAS has not made a responsive production, despite Forte's representation that, "[w]hile we will cooperate as much as we can, the information being sought is definitely in AAS' possession." (D.I. 235, Ex. G at 4) Accordingly, AAS shall respond to Request for Production Nos. 5-19, 21, 22, 25, 27-32, and 35-40, and Interrogatory Nos. 7, 8, and 10 on or before April 2, 2024.

20. Plaintiffs' moving submission and proposed form of order also seek sanctions against AAS in the form of Plaintiffs' attorneys' fees and costs for meeting and conferring and bringing the instant motion to compel. Plaintiffs' request for sanctions is DENIED without prejudice.

21. **Plaintiffs' motion to compel the production of call logs and telemarketing complaints from Amtrust is GRANTED-IN-PART.** Defendant Amtrust North America, Inc. ("Amtrust") entered into an Administration Agreement (the "Agreement") with defendant Sunpath Ltd. ("Sunpath") in 2013 that "memorializes Amtrust's agreement to assist Sunpath in

implementing, maintaining, and insuring the VSCs." (D.I. 152 at ¶ 35) Sunpath is defined as an "Administrator" of the VSCs in its Agreement with Amtrust. (D.I. 252, Ex. 3 at 1) Under the Agreement, Amtrust insures the liability of Sunpath. (*Id.*; D.I. 152 at ¶ 2) Sunpath allegedly hires or works with VSC sales agents like Pelican and AAS regarding VSC sales to consumers. (D.I. 152 at ¶¶ 3, 34) Plaintiffs move to compel two categories of discovery from Amtrust: (1) call logs and recordings of producers (*e.g.*, Pelican and AAS) and administrators (*e.g.*, Sunpath); and (2) consumer complaints regarding telemarketing. (D.I. 252 at 1-2) The accompanying proposed order identifies the relevant discovery requests as Request for Production Nos. 15-17, 28, 45-46, and 52, and Interrogatory Nos. 12 and 17. (*Id.*, Ex. 1 at 2)

22. Amtrust objects to Plaintiffs' motion to compel responses to Request for Production No. 28, alleging that the call logs and recordings sought by Plaintiffs are not in its possession. (D.I. 255 at 1) Plaintiffs argue that responsive documents are within Amtrust's possession, custody, or control under the terms of the Agreement executed between Sunpath and Amtrust. (D.I. 252 at 1-2) During the March 19, 2024 hearing, counsel represented that Amtrust has already produced to Plaintiffs extensive transaction records pertaining to Sunpath's administration of VSCs arising under the Agreement and the associated Marketing Guidelines. (3/19/2024 Tr.)

23. Plaintiffs also move to compel further responses to Request for Production Nos. 15-17, 45-46, and 52, which seek the production of consumer complaints regarding telemarketing activities that are not specifically attributable to the named defendants. (D.I. 252 at 2-3) Without denying that the requested discovery is in its possession, Amtrust responds that the scope of these requests is too broad and not relevant to the defendants in this action. (D.I. 255 at 4)

**24.** Plaintiffs' motion to compel discovery responses from Amtrust is GRANTED to the extent that the discovery requests seek information limited to Amtrust's contractual relationship with Sunpath as defined in the Agreement, incorporating the scope and details of such discovery as discussed on the record at the hearing. The motion is DENIED without prejudice to the extent that it seeks to compel a broader scope of discovery unrestricted to Amtrust's contractual relationship with Sunpath. Plaintiffs and Amtrust shall also continue their efforts to meet and confer on ESI search terms and custodians. Amtrust's supplemental discovery responses are due on or before April 2, 2024.

**25. Plaintiffs' motion to compel Mepco to respond to discovery requests is GRANTED-IN-PART.** Plaintiff moves to compel defendant Sing for Service, LLC ("Mepco") to provide further responses to Request for Production Nos. 5-8, 11-28, and 31-48, and Interrogatory Nos. 8, 9, and 15-17, arguing that Mepco has failed to meaningfully engage in discovery or comply with the court's order from December 21, 2023. (D.I. 252 at 3; Ex. 1 at 2) In response, Mepco represents that it "has worked with Plaintiffs' counsel in accordance with Judge Hall's additional direction during the December 21, 2023 discovery conference." (D.I. 254 at 1)

**26.** The record before the court does not support Mepco's assertion. During the December 21 teleconference, counsel represented that Mepco was "absolutely willing to work through" the production of contracts associated with particular sellers who performed outreach over the phone, and Mepco would be "willing to work with" narrowed requests for communications "related to the actual parties in this case." (D.I. 235, Ex. B at 25:1-11, 26:24-27:10) After the parties met and conferred on January 17, 2024, however, Mepco provided no substantive response to Plaintiffs' proposals and cancelled numerous follow-up calls over the

11

course of the ensuing month. (D.I. 252, Ex. 8 at 4-5) Mepco now accuses Plaintiffs of reverting to their prior, overbroad demands for discovery in contravention of the December 21 order. (D.I. 254) There is no indication on the present record that Mepco raised these complaints during or after the meet and confer, or that Mepco made any effort to produce a narrowed scope of documents responsive to the discovery requests in issue. As a result, Mepco's representation in its responsive letter that it "stands ready and willing to work with Plaintiffs' counsel on an agreed upon search protocol, an appropriately tailored set of search terms, and an appropriate temporal limitation for e-mail communications related to Mepco's audits and oversight" rings hollow. (*Id.* at 3) These are efforts that should have been undertaken through the meet and confer process ordered by the court on December 21.

27. Consequently, Plaintiffs' motion to compel is GRANTED to the extent that the discovery requests seek production of the customer contracts and related documents associated with the three alleged VSC sellers named as parties in this civil action (Sunpath, Pelican, and AAS), as well as the other nine entities identified as VSC sellers in the fifth amended complaint and included in Plaintiffs' compromise proposal. (D.I. 252, Ex. 8) The motion to compel is DENIED to the extent that Plaintiffs ask Mepco to search for customer contracts for any and all other companies associated with Gustav Renny because this information is not sufficiently tethered to a specific discovery request and is overbroad because asking for "any and all" is not an appropriate request. (D.I. 235, Ex. B at 27:23-24) Mepco shall serve its responses to Request for Production Nos. 5-8, 11-28, and 31-48, and Interrogatory Nos. 8, 9, and 15-17 on or before April 2, 2024. (D.I. 252, Ex. 1 at 2)

28. The parties are further ordered to meet and confer on the scope of ESI search terms and custodians pursuant to the District of Delaware's Default Standard for Discovery on or

before April 2, 2024. To the extent that Mepco fails to engage in a meaningful meet and confer with Plaintiffs within the specified time frame, the court will entertain a further application by Plaintiffs and may consider Plaintiffs' motion to compel Mepco to produce ESI for the terms and custodians selected by Plaintiffs as unopposed.

29. Plaintiffs' moving submission also seeks sanctions against Mepco in the form of Plaintiffs' attorneys' fees and costs for meeting and conferring and bringing the instant motion to compel. Plaintiffs' request for sanctions is DENIED without prejudice.

30. **The court defers ruling on Plaintiffs' motion to compel the production of documents from Sunpath.** The record before the court confirms that Sunpath is not currently represented by counsel, and it is well-established that a corporate defendant may only appear in federal courts through licensed counsel. (D.I. 224); *see Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966). Since the withdrawal of counsel and the expiration of the January 11 deadline for substitute counsel to enter an appearance on behalf of Sunpath, a default in appearance has been entered against Sunpath pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (D.I. 232) Sunpath did not appear through counsel at the hearing held on March 19. Under these circumstances, Plaintiffs have indicated their intention to pursue the requested discovery from Sunpath by issuing a subpoena on Sunpath's e-discovery vendor, Everest Discovery, LLC ("Everest"). (D.I. 238 at ¶ 3) The court granted Everest's request to reschedule the hearing on Plaintiffs' motion to compel Everest's compliance with the subpoena and discovery from the defaulted entity, Sunpath. The hearing is scheduled for April 9, 2024. (D.I. 246; D.I. 251) The court reserves its decision on this issue until that time.

**31. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

(i)  The motion for leave to withdraw as counsel for Pelican is DENIED without prejudice. (D.I. 233) Counsel for Pelican is instructed to provide the client with a copy of this Memorandum Order.

(ii) Plaintiffs' motion to compel Pelican to respond to Request for Production Nos. 5-14, 19-23, 25-2, and 32-39, and Interrogatory Nos. 4, 6, 7, and 9-17 is GRANTED. (D.I. 252) Pelican shall serve its responses to those discovery requests on or before April 2, 2024, and interrogatory responses shall be verified in accordance with Fed. R. Civ. P. 33(b)(3).

(iii) AAS's motion for a protective order is DENIED. (D.I. 235)

(iv) Plaintiffs' motion to compel AAS to respond to Request for Production Nos. 5-19, 21, 22, 25, 27-32, and 35-40, and Interrogatory Nos. 7, 8, and 10 is GRANTED. AAS shall serve its responses to those discovery requests on or before April 2, 2024, and interrogatory responses shall be verified in accordance with Fed. R. Civ. P. 33(b)(3).

(v) Plaintiffs' motion to compel the production of call logs and telemarketing complaints from Amtrust is GRANTED-IN-PART. (D.I. 252) On or before April 2, 2024, Amtrust shall respond to Request for Production Nos. 15-17, 28, 45-46, and 52, and Interrogatory Nos. 12 and 17, to the extent that those requests seek information limited to Amtrust's contractual relationship with Sunpath as defined in the Agreement and further discussed on the record at the March 19 hearing. Interrogatory responses shall be verified in accordance with Fed. R. Civ. P. 33(b)(3). The motion is DENIED without prejudice to

14

the extent that it seeks to compel a broader scope of discovery unrestricted to Amtrust's contractual relationship with Sunpath.

(vi) Plaintiffs' motion to compel Mepco to respond to discovery requests is GRANTED-IN-PART with respect to Request for Production Nos. 5-8, 11-28, and 31-48, and Interrogatory Nos. 8, 9, and 15-17. (D.I. 252) The motion to compel is GRANTED to the extent that the requests seek information on the twelve VSC sellers named as parties or identified in the fifth amended complaint. The motion to compel is DENIED to the extent that Plaintiffs ask Mepco to search for customer contracts for any and all other companies associated with Gustav Renny. IT IS FURTHER ORDERED that Mepco shall engage in a meaningful meet and confer with Plaintiffs regarding the scope of ESI search terms and custodians. The deadline for Mepco to serve its discovery responses and engage in a meaningful meet and confer is April 2, 2024. Interrogatory responses shall be verified in accordance with Fed. R. Civ. P. 33(b)(3).

(vii) Plaintiffs' motions for sanctions against Pelican, AAS, and Mepco are DENIED without prejudice.

(viii) A ruling on Plaintiffs' motions to compel Sunpath to respond to discovery requests and Everest's compliance with a subpoena for Sunpath's documents is DEFERRED until the hearing scheduled to go forward on April 9, 2024 in this matter. Plaintiffs shall provide a copy of this Memorandum Order to Sunpath and Everest Discovery, LLC.

**32.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**33.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge