# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KURT MORALES II, BEN FABRIKANT, STEPHEN OST, BRANDON CALLIER, and NATHAN BYARS, individually, and or behalf of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>SUNPATH LTD., a Delaware corporation, NORTHCOAST WARRANTY SERVICES, INC., a Delaware corporation, AMTRUST NORTH AMERICA, INC., a Delaware corporation, SING FOR SERVICE, LLC, a Delaware limited liability company, and PELICAN INVESTMENT HOLDINGS LLC, a Delaware limited liability company, AFFORDABLE AUTO SHIELD, INC., a Delaware limited liability company,<br>    Defendants. | C.A. NO. 1:20-cv-01376-JLH |

## COMBINED OBJECTION TO COURT'S ORDER DATED
## MARCH 20, 2024 AND MOTION FOR PARTIAL RELIEF FROM ORDER

The undersigned counsel for Defendants Pelican Investment Holdings Group, LLC ("Pelican") and Affordable Auto Shield, Inc. ("AAS"), respectfully object in part to the Order dated March 20, 2024. (D.I. 258), to the extent it denied the undersigned counsel and his firm leave to withdraw from representation of Pelican. The grounds for this objection are as follows:

1

1. On February 6, 2024, the undersigned counsel to Pelican and AAS moved this Court for an order granting himself and the firm of O'Hagan Meyer PLLC ("Counsel") leave to withdraw from the representation of Pelican (the "Motion to Withdraw"). D.I. 233. The grounds for that Motion were that Pelican was not paying for legal services, and that Pelican was failing to fulfill its obligations to Counsel. *Id.* (citing Delaware Professional Conduct Rule 1.16(b)(5),(6)); *cf.* Model Rule of Professional Conduct 1.16(b)(5),(6).

2. On February 9, 2024, Plaintiffs filed an Opposition to the Motion to the Withdraw, opposing the Motion as what they viewed as a tactical move by Pelican to avoid its discovery obligations. D.I. 234.

3. On March 19, 2024, the Honorable Sherry R. Fallon heard oral argument on the Motion to Withdraw. *See* D.I. 240 ¶1. At oral argument, the undersigned counsel represented that Pelican was failing to cooperate with Counsel, and that it was unlikely that Pelican would cooperate if the Court denied the Motion to Withdraw. 4:6-4:11, 11:7-11:16. Thus, the undersigned counsel hereby certifies that this argument is not new and was presented to the Magistrate Judge. *See* Standing Order for Objections Filed under Fed. R. Civ. P. 72; *see also* Model Rule of Professional Conduct 1.16(b)(5).

4. On March 20, 2024, Magistrate Judge Fallon issued a Memorandum and Order, which, among other things, denied without prejudice the Motion to

2

Withdraw (the "March Order"). D.I. 258 ¶31(i). The Court stated that the Motion was based on a failure to pay for services, but lacked an evidentiary record from which the Court could find that the Third Circuit's "no meaningful purpose" standard for the requested relief had been met, citing *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022). D.I. 258 ¶3. In addition, because a corporation cannot represent itself pro se and must address the Court through counsel, the Court reasoned, granting the Motion to Withdraw could confer an unfair tactical advantage on Pelican. *Id.* ¶4. As a result, the Court stated, counsel's representation continued to serve a purpose until substitute counsel had been retained. *Id.*

5.  The March Order stated that counsel would be free to file another motion to withdraw after Pelican had responded to Plaintiffs' discovery requests in accordance with the Court's rulings in the March Order, or after Pelican had retained substitute counsel. Id. ¶5.

6.  Federal Rule of Civil Procedure 72(b)(3) states:

(3) Resolving Objections. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*See* District of Delaware Local Rule 72.1(b).

7. Counsel represents that Pelican's failure to cooperate, one of the terms of Counsel's engagement, has not only continued since the denial of the Motion to Withdraw, but become worse. Counsel has repeatedly advised Pelican that Pelican's failure to comply with the Court's March Order will likely lead to sanctions being imposed on Pelican, to no avail.

8. A copy of emails from Counsel to Pelican following denial of the Motion for Leave to Withdraw is being hand delivered for in camera review as Exhibit A to this objection.

9. Counsel respectfully suggests that it should be granted leave to withdraw from the representation of Pelican because due to Pelican's failure to cooperate with Counsel, which began before the Motion to Withdraw and continues to be a problem, Counsel's continued representation serves no meaningful purpose.

10. In the alternative, Counsel requests that the Court modify the order to clarify the grounds under which Counsel may renew the Motion to Withdraw, and/or to relieve Counsel of certain obligations that it would have to a cooperating client, such as receiving Pelican's prior authorization before taking action with respect to discovery.

11. Until the Court grants leave for Counsel to withdraw, Counsel will take reasonably available actions to induce Pelican to respond to Plaintiffs' discovery requests pursuant to the Court's ruling in the March Order.

The undersigned counsel respectfully requests that based on its objection, the Court enter an order permitting Stephen D. Dargitz and O'Hagan Meyer PLLC to withdraw as attorney of record for Defendant Pelican Investment Holdings Group, LLC, and/or to order such other relief that the Court deems appropriate.

Respectfully submitted,

**O'HAGAN MEYER PLLC**

*/s/ Stephen D. Dargitz*
Stephen D. Dargitz (Del. No. 3619)
800 North King Street,
Plaza Level No. 1
Wilmington, Delaware  19801
(302) 492-2150
sdargitz@ohaganmeyer.com
*Counsel to Defendant Pelican Investment Holdings Group, LLC.*

Date: April 3, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April 2024, I caused the foregoing objection to be filed through the Court's electronic filing system, which will send a copy electronically to all counsel of record.

Respectfully submitted,

*/s/ Stephen D. Dargitz*
Stephen D. Dargitz (Del. No. 3619)
