IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KURT MORALES II, BEN FABRIKANT, STEPHEN OST, BRANDON CALLIER, and NATHAN BYARS, individually, and or on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNPATH LTD., a Delaware corporation, NORTHCOAST WARRANTY SERVICES, INC., a Delaware corporation, AMTRUST NORTH AMERICA, INC., a Delaware corporation, SING FOR SERVICE, LLC, a Delaware limited liability company, and PELICAN INVESTMENT HOLDINGS LLC, a Delaware limited liability company, AFFORDABLE AUTO SHIELD, INC., a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 20-1376-JLH-SRF |

## MEMORANDUM ORDER

At Wilmington this **10th** day of **April, 2024**, the court having considered the submissions of Plaintiffs and non-party Everest Discovery, LLC ("Everest") on Plaintiffs' pending motion to compel discovery from Sunpath Ltd. ("Sunpath") and compel compliance with the subpoena served on Everest (D.I. 265; D.I. 267), and having heard argument on the pending motion and issued a bench ruling on April 9, 2024, which is hereby incorporated by reference, IT IS ORDERED that:

1. **Plaintiffs' motion to compel Sunpath to respond to written discovery requests and run requested search terms on email communications is DENIED without prejudice.** There is no dispute that Sunpath's counsel withdrew from the representation, Sunpath failed to

retain substitute counsel, and an entry of default in appearance was entered against Sunpath at Plaintiffs' request. (D.I. 224; D.I. 228; D.I. 232) Plaintiffs cite no authority suggesting that the court may compel a defaulted party to produce discovery. (D.I. 265 at 2-3) Case law from within the Third Circuit suggests that a motion to compel discovery from a defaulted party cannot be granted, even if the discovery sought is relevant. *See Balbo Corp. v. Enighed Condominiums, LLC*, 2011 WL 4703024, at *3 (D.V.I. Feb. 7, 2011). Instead, "defaulted parties should be treated as non-parties for the purposes of discovery," and the party seeking discovery from the defaulted party should proceed to subpoena them. *Id.* Consequently, Plaintiffs' motion is denied without prejudice to the extent it seeks an order compelling Sunpath to respond to Request for Production Nos. 11 and 21-27 and to run the requested search terms on the documents. (D.I. 265, Ex. 1)

    **2. A ruling on Plaintiffs' motion to compel Everest to produce the hard drive containing Sunpath's data in response to the subpoena is held in abeyance for thirty (30) days.** The factual circumstances surrounding Plaintiffs' motion to compel Everest's compliance with the subpoena are highly unique. There is consensus that "[e]-discovery vendors should not ordinarily be discovery targets." (D.I. 265 at 4) However, it is also undisputed that Sunpath produced a hard drive of responsive documents to Everest for the purpose of satisfying its discovery obligations in this case and then declined numerous opportunities to object to the scope of the Everest subpoena. Counsel for both Everest and Plaintiffs agree that there is no case law addressing factually analogous circumstances. (4/9/2024 Tr.) A summary of the unique facts before the court is set forth below, followed by a series of rulings intended to bring closure to the disputed issue while protecting the interests of the subpoenaed third-party e-discovery vendor.

3. Plaintiffs served their first set of written discovery requests on Sunpath in February of 2022, and Sunpath served its objections and responses to those requests on May 11, 2022. (D.I. 69; D.I. 84) A second and third set of written discovery requests were served in October of 2022, and Sunpath's objections and responses to those requests over the course of the following month confirm that Sunpath agreed to produce responsive documents that can be located after a reasonable search. (D.I. 99; D.I. 103; D.I. 112; D.I. 117; D.I. 265, Ex. 10)

4. Plaintiffs and Sunpath then engaged in meet and confer efforts regarding the scope of the requested discovery, culminating in a limited document production and an agreement on ESI search terms in June of 2023. (D.I. 265, Ex. 2 at 5-6) The following month, Sunpath agreed to review and produce non-privileged, responsive documents hitting on the agreed-upon search terms. (*Id.*, Ex. 2 at 4) Plaintiffs followed up when weeks passed and no production was made, and counsel for Sunpath represented he had spoken with the client and could "commit to producing the responsive documents by September 26," along with a corresponding privilege log. (*Id.*, Ex. 2 at 3-4) The promised production date came and went, and no production was made. (*Id.*, Ex. 2 at 1-2)

5. On December 15, 2023, Plaintiffs served a subpoena on Everest seeking the production of "[d]ocuments and information received from Sunpath, Ltd., in connection with the use of your e-discovery platform." (D.I. 265, Ex. 3) The following week, Sunpath's counsel represented to the court that "an e-discovery vendor named Everest continues to have access to SunPath's electronic data," Plaintiffs served a subpoena on Everest based on that information, and "withdrawing counsel has not filed objections to that subpoena." (*Id.*, Ex. 4 at 5:7-13) No motion to quash or other objection was made by Sunpath in response to the subpoena.

3

6. During a hearing on December 21, 2023, the court granted the motion of Sunpath's counsel to withdraw from the representation. (D.I. 224) The court further ordered that "Sunpath Ltd. must obtain substitute counsel who must enter an appearance in this case on or before January 11, 2024." (*Id.*) To date, Sunpath has failed to comply with the court's order by retaining substitute counsel who could have raised privilege, confidentiality, or other objections on behalf of Sunpath in response to the Everest subpoena. The court entered a default in appearance as to Sunpath on February 2, 2024. (D.I. 232)

7. Meanwhile, counsel for Everest represented that a production in response to the subpoena, in the form of Sunpath's raw data, would be made "on a timely basis on the 1/15/24 deadline" unless Sunpath filed a motion to quash prior to that date. (D.I. 265, Ex. 5 at 2-3) The following day, counsel for Everest requested an extension of time for compliance with the subpoena, expressing concerns about producing another entity's raw data. (*Id.*, Ex. 5 at 1) Counsel subsequently stated that Everest would require a court order to produce any data or documents in response to the subpoena. (*Id.*, Ex. 6) Neither Sunpath nor Everest affirmatively sought a protective order or moved to quash the subpoena served on Everest.

8. Everest raises four issues in response to Plaintiffs' motion to compel. (D.I. 267) First, Everest highlights the risks to its reputation and potential exposure to liability if it complies with the subpoena. (*Id.* at 1-2) Everest suggests it would be unprecedented to order an e-discovery vendor to produce a client's documents, noting that Plaintiffs failed to cite any authority where such an order was entered. (*Id.*) But Everest also fails to cite any case law analogous to these circumstances establishing a *per se* rule barring discovery from e-discovery vendors. *See Martley v. City of Basehor, Kansas*, 2022 WL 1302820 (D. Kan. May 2, 2022). In *Martley*, the defendants were active participants in the litigation and affirmatively sought to

protect their information by moving to quash a subpoena issued to their former IT service provider. *Id.* at *1.

9. The court's consideration of this issue is narrowly based on the unique facts of the instant case, which involves discovery in the possession of an e-discovery vendor from a defendant who has not objected to the subpoena and has since defaulted. It does not extend to permit wholesale discovery from non-party e-discovery vendors. To mitigate Everest's concerns, IT IS ORDERED that Sunpath shall have until **May 10, 2024** to assert any privilege, confidentiality, or other objections to the subpoena. If no objection is made by Sunpath within the designated time frame, Sunpath will be deemed to have waived any objections and Everest shall produce the hard drive to Plaintiffs' counsel without any obligation for Everest to review the contents of the hard drive. In the interim, counsel for Everest shall confer with counsel for Plaintiffs on the terms of a proposed form of protective order governing the contents of the hard drive for the court's signature upon expiration of Sunpath's objection period.

10. Everest also argues that Plaintiffs can obtain the documents from other sources, but this position is not supported by the record before the court. (D.I. 267 at 2) The operative pleading establishes Sunpath's unique role in the conduct alleged by Plaintiffs, working to market and sell vehicle service contracts ("VSCs") and engaging VSC sellers to market and sell VSCs on its behalf. (D.I. 152 at ¶ 34) For the reasons set forth at ¶ 1, *supra*, this discovery can no longer be obtained from Sunpath as a party and can only be sought via subpoena.

11. Next, Everest alleges that it cannot unilaterally decide whether Sunpath has waived privilege, and it has no authority to review and produce Sunpath's documents without Sunpath's consent under its contract. (D.I. 267 at 2-3) As explained in the preceding paragraphs, however, Everest will not be required to review any of Sunpath's documents or make any determinations

about privilege, relevance, or any other matter. The burden is squarely on Sunpath to assert the privilege, and Sunpath's failure to do so will be deemed a waiver of the privilege. *See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996) ("[F]ailure to assert a privilege may amount to waiver of that privilege."); *see also Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999) ("[A]n objection that information sought is privileged is waived if not timely stated and it is within the court's discretion to determine whether the privilege has been properly invoked.").

12. In *Martley*, the court similarly expressed concern about compelling the subpoenaed non-party produce the documents prior to a privilege review. *Martley*, 2022 WL 1302820, at *4. A key difference, however, was that the defendants in *Martley* had not defaulted, and the court's concern was whether the defendants had an opportunity to review those documents for privilege. Here, Sunpath had an opportunity to engage fully with the production and chose not to do so. By way of this Memorandum Order, Sunpath is being given another opportunity to object to the Everest subpoena.

13. To the extent that Everest has reservations about the disclosure of confidential information on the hard drive, counsel for Everest may address these concerns by collaborating with Plaintiffs' counsel to draft a comprehensive proposed form of order governing the confidentiality designations of the hard drive's contents. (D.I. 267 at 3-4) For the reasons previously discussed, the relief requested by Plaintiffs and these interim rulings by the court do not require Everest to review Sunpath's documents and make unilateral confidentiality determinations. Everest's concerns about serving as a "Designating Party" under the protective order are therefore misplaced. (D.I. 86 at ¶¶ 7-8)

14. Consistent with the statements made from the bench during the April 9 discovery dispute conference, counsel for Everest and counsel for Plaintiff shall each promptly provide Sunpath with a copy of this Memorandum Order, along with the copy of the subpoena served on Everest on December 15, 2023.  If Sunpath raises no objection to the subpoena on or before **May 10, 2024**, the court will enter a form of order compelling Everest to produce the Sunpath hard drive to Plaintiffs.  During the thirty-day window for objections by Sunpath, Everest and Plaintiffs shall confer on a proposed form of order for the court's signature which sets forth confidentiality designations and any additional agreed-upon protections governing the material on the hard drive.  Everest and Plaintiff shall docket the proposed form of order for the court's signature at the expiration of Sunpath's objections period on May 10, 2024.

15. **Everest's request for fee shifting.**  In its responsive letter, Everest makes an application for fees and costs under Federal Rule of Civil Procedure 37(a)(5).  (D.I. 267 at 4)  That rule states that the movant seeking the discovery (in this case, Plaintiffs) may be awarded "reasonable expenses incurred in making the motion, including attorney's fees" if the motion is granted.  Fed. R. Civ. P. 37(a)(5)(A).  Everest has not shown that the rule extends to entities like Everest that respond to a discovery motion without seeking affirmative relief.

16. Everest also cites Rule 45(d)(2)(B)(ii), which explains that orders compelling compliance with a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  If Sunpath fails to raise an objection to the Everest subpoena, Everest will be compelled to turn over the hard drive without engaging in a review of the materials located on the hard drive.  Everest's arguments regarding burden relate to an anticipated review of the hard drive's contents, and Everest has not identified a burden associated with turning over the hard drive.

7

17. Everest also indicates that it "has not been compensated for the services it provided to Sunpath in connection with this Action." (D.I. 267 at 4) Everest does not explain why Plaintiffs should bear the costs for Sunpath's failure to pay its vendor. For these reasons, Everest's request for fees and costs is DENIED.

18. **Conclusion.** For the foregoing reasons, IT IS ORDERED that: (1) Plaintiffs' motion to compel Sunpath to respond to Plaintiffs' written discovery requests is DENIED without prejudice; (2) a ruling on Plaintiffs' motion to compel Everest to produce the hard drive containing the data provided by Sunpath is held in abeyance; and (3) Everest's request for fees and costs is DENIED.

19. IT IS FURTHER ORDERED that counsel for Everest and counsel for Plaintiff shall each promptly provide Sunpath with a copy of this Memorandum Order, along with the copy of the subpoena served on Everest on December 15, 2023. If Sunpath raises no objection to the subpoena on or before **May 10, 2024**, the court will enter a form of order compelling Everest to produce the Sunpath hard drive to Plaintiffs. During the thirty-day window for objections by Sunpath, Everest and Plaintiffs shall confer on a proposed form of order for the court's signature.

20. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

21. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge