IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KURT MORALES II, BEN FABRIKANT, STEPHEN OST, BRANDON CALLIER, and NATHAN BYARS, individually, and or on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNPATH LTD., a Delaware corporation, NORTHCOAST WARRANTY SERVICES, INC., a Delaware corporation, AMTRUST NORTH AMERICA, INC., a Delaware corporation, SING FOR SERVICE, LLC, a Delaware limited liability company, and PELICAN INVESTMENT HOLDINGS LLC, a Delaware limited liability company, AFFORDABLE AUTO SHIELD, INC., a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 20-1376-JLH-SRF |

## MEMORANDUM ORDER

At Wilmington this **2nd** day of **July, 2024**, the court having considered the discovery dispute letter submissions of Plaintiffs, Pelican Investment Holdings LLC ("Pelican"), Affordable Auto Shield, Inc. ("AAS"), and Amtrust North America, Inc. ("Amtrust") regarding Plaintiffs' pending motion to compel discovery and/or impose sanctions (D.I. 290; D.I. 294; D.I. 295), and having heard argument on the pending motion on July 1, 2024, the transcript of which is hereby incorporated by reference, Plaintiffs' motions to compel, motions for sanctions, and motion for a finding of civil contempt are addressed as follows:

**1. Plaintiffs' motion to compel Amtrust to supplement its responses to Interrogatory No. 12 and Request for Production No. 28 and Plaintiffs' motion for an order**

to show cause why Amtrust should not be held in civil contempt under Fed. R. Civ. P. 37(b)(2)(A)(vii)[1] are DENIED without prejudice.** On March 20, 2024, the court granted-in-part Plaintiffs' motion to compel Amtrust to produce Sunpath call logs pursuant to the terms of the Administration Agreement between Amtrust and Sunpath.[2] (D.I. 258 at ¶ 21) Plaintiffs' motion to compel was denied without prejudice to the extent that Plaintiffs sought to compel "a broader scope of discovery unrestricted to Amtrust's contractual relationship with Sunpath," and Amtrust was ordered to supplement its discovery responses on or before April 2, 2024. (*Id.* at ¶ 24)

2. Amtrust timely served its supplemental discovery responses, representing that, "[t]o the extent that [Amtrust] has obtained, previously and through the previous exercise of its audit rights, the records of any phone calls placed by persons or entities contracted by Sunpath regarding VSCs, it is reviewing and aggregating the same and will produce them forthwith." (D.I. 290, Ex. B at 6) During the discovery dispute teleconference on July 1, Amtrust confirmed that it had produced call excerpts and audit files, and it plans to begin producing ESI and custodial files of audit-related materials by July 8, 2024, with weekly productions to be made thereafter. (7/1/2024 Tr.)

---

[1] Plaintiffs move for sanctions for failure to comply with a court order under Fed. R. Civ. P. 37(b)(2)(A)(vii), which provides that the court may "treat[ ] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." (D.I. 290 at 3) A Magistrate Judge may not enter an order of civil contempt without the consent of the parties under 28 U.S.C. § 636(c), and instead must proceed under 28 U.S.C. § 636(e)(6)(B)(iii). Under the statute, "[t]he Magistrate Judge's role is not to issue an Order of contempt, but to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt" in a certification of facts to the district judge. *Stream Cos., Inc. v. Windward Advertising*, 2013 WL 3761281, at *10 (E.D. Pa. July 17, 2013) (citations and internal quotations omitted).

[2] The March 20, 2024 Memorandum Order also granted-in-part Plaintiffs' motion to compel Amtrust to produce telemarketing complaints relating to Sunpath. (D.I. 258 at ¶ 21) Plaintiffs did not raise any lingering deficiency with respect to this discovery in the letter briefing.

3. On this record, there is no basis for the court to initiate civil contempt proceedings against Amtrust by certifying facts to the district judge pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vii). On a motion for civil contempt, the movant must establish by clear and convincing evidence that (1) a valid court order existed; (2) the opposing party had knowledge of the order; and (3) the opposing party disobeyed the order. *INVISTA N. Am. S.a.r.l. v. M & G USA Corp.*, C.A. No. 11-1007-SLR-CJB, 2014 WL 1908286, at *4 (D. Del. Apr. 25, 2014) (citing *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010)). Plaintiffs do not dispute that Amtrust supplemented its discovery responses by the court-ordered deadline and has since made a production of responsive documents. Because Plaintiffs have failed to establish the third element, the motion for sanctions under Rule 37(b)(2)(A)(vii) is DENIED.

4. Plaintiffs' motion to compel additional discovery from Amtrust is also DENIED. When asked what additional discovery Plaintiffs seek from Amtrust, Plaintiffs indicated that they want to obtain records from Producers who had contractual relationships with Sunpath. (*Id.*) This discovery exceeds the scope of the March 20 Memorandum Order, which was limited to Amtrust's contractual agreement with Sunpath and information that was obtained from prior audits pursuant to that agreement. During the prior hearing, the court was concerned with the breadth of the requests, which were not limited to Sunpath and could extend to other entities, including those who were not parties to the agreement. On this record, there is no reasonable basis to order Amtrust to initiate new audits of Sunpath or any known or unknown Producers.

5. **Plaintiffs' motion to compel AAS to serve amended discovery responses and negotiate an ESI protocol is GRANTED-IN-PART.** During the July 1 discovery dispute teleconference, counsel for AAS described the progress made on efforts to produce responsive documents from AAS in categories including call logs, complaints, correspondence associated

3

with those complaints, sources of phone numbers and lead lists, mailing vendor information, native excel files, metadata, and custodial email. (7/1/2024 Tr.) Plaintiffs are in the process of reviewing certain discovery that was recently produced and had proposals for targeted searches. The parties also continue to negotiate the terms of an ESI protocol. IT IS ORDERED that, on or before July 15, 2024: (1) the parties shall meet and confer on the remaining categories of documents to be produced; (2) the parties shall reach agreement on an ESI protocol; and (3) AAS shall complete its production of documents.

6. **Pelican shall provide a release to its service providers.** As discussed on the record during the July 1 discovery dispute teleconference, Pelican is ordered to provide appropriate releases to its service providers to enable Plaintiffs to obtain the requested call information. The releases shall be served upon the service providers on or before July 15, 2024. This ruling is without prejudice to Plaintiffs' right to directly subpoena third-party service providers. To the extent that Plaintiffs have made a request for cost-shifting, the request is DENIED without prejudice to renew.

7. **Plaintiffs' motions for sanctions against AAS and Pelican are DENIED without prejudice.** As discussed on the record during the July 1 discovery dispute teleconference, the basis for Plaintiffs' request for monetary sanctions against Pelican and AAS is not clear. Plaintiffs' proposed order seeks sanctions against AAS pursuant to Fed. R. Civ. P. 37(a)(4), which provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." (D.I. 290, Ex. A) During the teleconference, Plaintiffs' counsel indicated that the basis for sanctions against Pelican and AAS is the same, and sanctions are sought against Pelican under the civil contempt provision of Rule 37(b)(2)(A)(vii). (7/1/2024 Tr.)

8. Under either theory, the requests for sanctions against Pelican and AAS are DENIED without prejudice. The court will not award monetary sanctions where, as here, Plaintiffs have not identified a viable legal basis for doing so. As discussed at ¶ 1 n.1, *supra*, the court does not have the authority to award monetary sanctions or enter an order to show cause with respect to the civil contempt provision under Rule 37(b)(2)(A)(vii). Moreover, the discussion during the July 1 teleconference confirmed that progress is being made on the production of discovery from AAS.

9. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

   (i) Plaintiffs' motion to compel Amtrust to supplement its responses to Interrogatory No. 12 and Request for Production No. 28 and motion for an order to show cause under Rule 37(b)(2)(A)(vii) are DENIED without prejudice.

   (ii) Plaintiffs' motion to compel AAS to serve amended responses to Plaintiffs' discovery requests is GRANTED. On or before July 15, 2024, AAS shall meet and confer with Plaintiffs on the remaining production, agree to an ESI protocol, and complete its document production.

   (iii) Plaintiffs' motion to compel Pelican to provide releases to its service providers is GRANTED. On or before July 15, 2024, Pelican shall serve the releases on its service providers. Plaintiffs' corresponding request for fee-shifting is DENIED without prejudice to renew.

   (iv) Plaintiffs' motions for monetary sanctions in an unspecified dollar amount against Pelican and AAS are DENIED without prejudice.

IT IS FURTHER ORDERED that no party shall submit documents for the court's *in camera* review absent leave of court.

10. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **July 9, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

11. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

12. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

/s/ Sherry R. Fallon
Sherry R. Fallon
United States Magistrate Judge