# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KURT MORALES II, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 20-1376-JLH-SRF |
| | ) |
| SUNPATH LTD., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this **23rd** day of **April, 2025**, the court having considered the discovery dispute letter submissions on the motion for sanctions filed by plaintiffs Kurt Morales II, Brandon Callier, and Lucas Horton ("Plaintiffs"), (D.I. 369; D.I. 370; D.I. 371; D.I. 372), and Plaintiffs' motion to compel, (D.I. 375; D.I. 376), IT IS ORDERED that Plaintiffs' Motions for a Discovery Teleconference are terminated, (D.I. 364; D.I. 373), Plaintiffs' motion for sanctions is DENIED without prejudice, and Plaintiffs' motion to compel defendant Sing for Service, LLC d/b/a Mepco ("Mepco") to produce documents is GRANTED-IN-PART for the following reasons:

**1. Background.** On December 19, 2022, Plaintiffs served discovery requests on defendant Pelican Investment Holdings Group, LLC ("Pelican") which sought the production of call logs, among other information relating to Pelican's telemarketing activities.[1] (D.I. 122; D.I. 369, Ex. 2) The following day, Plaintiffs subpoenaed National Car Cure, LLC ("NCC") requesting the production of documents and communications between NCC and Pelican,

---

[1] Plaintiffs also served discovery requests on defendant Advanced Auto Shield, Inc. ("AAS") on September 12, 2023. (D.I. 188)

information regarding Gustav Renny's roles and responsibilities at NCC, and other information regarding NCC's telemarketing practices. (D.I. 123, Ex. 1; D.I. 369, Ex. 3)

**2.** NCC served responses to Plaintiffs' subpoena on January 13, 2023, representing that it had no responsive documents within its possession, custody, or control. (D.I. 369, Ex. 7 at 8) Renny closed the ViciDial account for NCC on January 20, 2023, and the call logs were subsequently deleted in March of 2023. (*Id.*, Ex. 6) In his deposition on May 10, 2023, Renny testified that he never searched for records in response to the subpoena served on NCC or any other third party because those records had been wiped from his servers during an office transition. (*Id.*, Ex. 9 at 69:13-74:6) NCC's supplemental discovery responses, served on October 25, 2023, reiterated that NCC had no responsive documents in its possession, custody, or control and represented that all NCC's records and documents were inadvertently deleted prior to service of the subpoena in December of 2022. (*Id.*, Ex. 8 at 23)

**3.** Through subpoenas issued to Fextel, Inc. ("ViciDial") in June and September of 2023, Plaintiffs obtained one day's worth of calling activities from 2019 identifying 66,458 calls placed. (D.I. 369, Ex. 5; Ex. 10 at 67:12-69:18, 145:7-146:2; D.I. 145; D.I. 190) These records show that the calls were autodialed and handled by a fronter, as well as when the calls were answered and the disposition of the call. (*Id.*) Renny's information technology consultant, Devin Castro, testified that a manager from any company using ViciDial software could run such a report. (*Id.*, Ex. 10 at 68:11-17)

**4.** On December 21, 2023, the court ordered Pelican and AAS to produce call logs and related information in their possession. (D.I. 277 at 19:1-20:8, 29:21-30:19) The court issued a second order compelling Pelican "to produce call logs, call recordings, documents regarding the systems and methods used to place the calls, consent records, opt-ins, and sources of leads" on

March 20, 2024. (D.I. 258 at ¶ 8)  That order also compelled AAS to produce its call logs in accordance with the December 21, 2023 order. (*Id.* at ¶¶ 12-16; D.I. 369, Ex. 4 at 32:2-25) During a subsequent discovery dispute teleconference on July 1, 2024, counsel described the progress made by AAS in producing the requested discovery, and Pelican was ordered to provide releases to its service providers to facilitate Plaintiffs' efforts to obtain call information. (D.I. 299 at ¶¶ 5-6)

**5.** On November 26, 2024, Plaintiffs served their second set of requests for production on Mepco. (D.I. 375, Ex. 2)  Mepco timely served its responses to the second set of requests on December 26, 2024. (*Id.*, Ex. 3)  Mepco objected to Request for Production Nos. 49 to 53, 60 to 68, and 69 to 70 on relevance grounds, arguing that the requests were overbroad and unduly burdensome. (*Id.*)

**6.** *Motion for Sanctions.* Rule 37(e) of the Federal Rules of Civil Procedure provides that "[i]f electronically stored information ['ESI'] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," the court may impose sanctions to cure any prejudice from the loss of the evidence. Fed. R. Civ. P. 37(e); *see In re Wechsler*, 121 F. Supp. 2d 404, 415 (D. Del. 2000) ("A party who has reason to anticipate litigation has an affirmative duty to preserve evidence which might be relevant to the issues in the lawsuit."). When the loss of the ESI is the result of an "intent to deprive another party of the information's use in litigation," severe sanctions such as an adverse jury instruction may be warranted. Fed. R. Civ. P. 37(e)(2); *CIGNEX Datamatics, Inc. v. Lam Rsch. Corp.*, C.A. No. 17-320-MN, 2019 WL 1118099, at *2 (D. Del. Mar. 11, 2019); *see McAdams v. U.S.*, 297 F. App'x 183, 187 (3d Cir. 2008) ("An adverse negative inference is an extreme remedy.").

7. Requests for an adverse inference often arise in cases involving the spoliation of evidence, where there is no other recourse to assess the contents of potentially relevant documents. *See, e.g., Sanofi-Aventis Deutschland GmbH v. Glenmark Pharms., Inc., USA*, 748 F.3d 1354, 1362-63 (Fed. Cir. 2014). The elements for determining sanctions for spoliation: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Citrix Sys., Inc. v. Workspot, Inc.*, C.A. No. 18-588-LPS, 2020 WL 5884970, at *6 (D. Del. Sept. 25, 2020) (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)).

8. As a preliminary matter, Plaintiffs' motion for sanctions is DENIED with respect to defendants Sing for Service, LLC d/b/a Mepco, AmTrust North America, Inc., and Northcoast Warranty Services, Inc. Plaintiffs' opening letter submission confirms that their motion for sanctions is brought against Pelican and AAS. (D.I. 369) The accompanying proposed order is similarly limited in scope to sanctions for "Pelican's and AAS's failure to comply with discovery orders and destruction of electronically stored evidence[.]" (*Id.*, Ex. 1) The court construes the term "Defendants" in the proposed order consistent with the definition of that term in the opening letter, which includes only Pelican and AAS and does not extend to other defendants in this case.

9. Plaintiffs' motion for adverse jury instructions against Pelican and AAS is also DENIED without prejudice. Evidence that non-party NCC may have spoliated or failed to preserve call logs is insufficient to justify the extreme remedy of an adverse inference against Pelican and/or AAS. (D.I. 369 at 2-3); *see McAdams*, 297 F. App'x at 187. Plaintiffs maintain

4

that Renny should not benefit from his formation of Pelican and AAS to shield himself from these discovery obligations, but the merits of Plaintiff's alter ego theory of liability are at issue in the briefing on Plaintiffs' class certification motion, which remains pending. (*See, e.g.*, D.I. 327 at 17-18; D.I. 352 at 12-16) The case authority cited by Plaintiffs addresses the obligations of "a party" to preserve evidence and does not directly support sanctioning a party with an adverse inference jury instruction based on the conduct of a non-party. *See, e.g., In re Weschler*, 121 F. Supp. 2d at 415 ("A party who has reason to anticipate litigation has an affirmative duty to preserve evidence which might be relevant to the issues in the lawsuit.").

**10.** Moreover, Plaintiffs' position that the call logs cannot be restored or replaced is not fully supported by the record before the court. Plaintiffs indicate that the records were destroyed in March of 2023, two months after Renny closed his ViciDial account on January 20, 2023. (D.I. 369 at 2; Ex. 6) But Plaintiffs did not serve subpoenas on ViciDial until months later, in June and September of 2023. (D.I. 145; D.I. 190) Plaintiffs acknowledge that they "were able to obtain a single day's calling activities through a third-party subpoena" to ViciDial which "identifies 66,458 calls that occurred on a single day in 2019." (D.I. 369 at 2; Ex. 5) Plaintiffs do not explain how this single call log survived the alleged spoliation, casting doubt on whether all other call logs from the relevant time period are truly unrecoverable.

**11.** Plaintiffs' request for an award of attorneys' fees and costs for raising this motion and the preceding motions to compel discovery relating to the call logs is also DENIED without prejudice. (D.I. 369, Ex. 1 at ¶ 3) The court acknowledges Plaintiffs' efforts to obtain discovery and Pelican and AAS's resistance to those efforts. (D.I. 277 at 19:1-20:8, 29:21-30:19; D.I. 258 at ¶¶ 8, 12-16) However, Plaintiffs' motion for sanctions is premature because it depends on unresolved legal questions about the merits of Plaintiffs' alter ego theory of liability. Raising the

5

issue at this stage is not an efficient use of the parties' or court's resources. *See Wonderland Switzerland AG v. Evenflo Co., Inc.*, C.A. No. 20-727-JPM, 2022 WL 20591121, at *3 (D. Del. Dec. 29, 2022) (addressing request for adverse inference in order on motions *in limine*); *Wai Feng Trading Co. Ltd. v. Quick Fitting, Inc.*, 2019 WL 118412, at *8 (D.R.I. Jan. 7, 2019) (explaining that "[m]any courts reject requests for adverse inference instructions until a party lays the evidentiary foundation at trial.").

**12. *Motion to Compel.*** Plaintiffs move to compel the production of documents responsive to Request for Production Nos. 49 to 53, which seek the production of "all documents in Mepco's files" for National Auto Protection Corp. ("NAPC"), Assured Auto Group, Inc. ("AAG"), National Car Cure, LLC ("NCC"), Affordable Car Cure, Inc., and Affordable Car Cure, LLC (together, "ACC"). (D.I. 375, Ex. 2 at 6-7) In their letter brief, Plaintiffs narrow their request for relief to documents pertaining to complaints, oversight, investigations, audits, and settlements. (*Id.* at 1)

**13.** Plaintiffs' motion to compel is GRANTED to the extent it seeks the production of documents pertaining to complaints, oversight, investigations, audits, and settlements for NAPC, AAG, NCC, and ACC in response to Request for Production Nos. 49 to 53. Mepco argues that documents from the files of these non-party entities are not relevant to the case, and Plaintiffs have no basis for their assertion that the entities are owned by Gustav Renny. (D.I. 376 at 2-3) But Plaintiffs explain that these entities are predecessors of Pelican and AAS, and the documents are likely to show the timing of Mepco's knowledge of unlawful telemarketing practices, which is relevant to vicarious liability and enhanced damages. (D.I. 375 at 3) Moreover, the deposition testimony of Anthony Hammes confirms that the documents are easily located and would not be burdensome to produce. (*Id.*, Ex. 5 at 107:8-108:6, 115:9-117:4, 130:3-12) The balance of

6

relevance and proportionality under Rule 26(b)(1) of the Federal Rules of Civil Procedure therefore weighs in favor of Plaintiffs. Mepco shall complete the production on or before May 8, 2025.

**14.** Plaintiffs' motion to compel the production of documents in response to Request for Production Nos. 49 to 53 is DENIED without prejudice to the extent it seeks all documents from the foregoing entities. Plaintiffs do not explain how documents beyond the complaints, oversight, investigations, audits, and settlements are relevant to issues of vicarious liability and enhanced damages. As the court previously stated, requests for all documents are overbroad. (D.I. 258 at ¶ 27)

**15.** Plaintiffs' motion to compel the production of documents in response to Request for Production Nos. 49 to 53 is also DENIED without prejudice to the extent it seeks the production of documents pertaining to complaints, oversight, investigations, audits, and settlements for Pelican, AAS, ROI Networking, and Celtic Marketing LLC d/b/a VAD. Plaintiffs' letter submission confirms that Mepco agreed to produce documents relating to investigations, audits, inspections, and complaints for Pelican, AAS, ROI Networking, and Celtic Marketing. (D.I. 375 at 2) Plaintiffs' proposed order does not seek relief regarding any Requests for Production associated with these entities. (*Id.*, Ex. 1)

**16.** Plaintiffs also move to compel the production of documents responsive to Request for Production Nos. 60 to 68, which seek records of all amounts advanced from Mepco to AAG, NCC, ACC, Pelican, AAP, AAS, Celtic Marketing, and ROI Networking. (D.I. 375, Ex. 2 at 7-8) Mepco contends that the requests are unduly burdensome because they involve tens of thousands of individual transactions. (D.I. 376 at 4) By way of compromise, Mepco offered to provide the total amount funded to each entity, as well as the start date and end date of the

funding. (*Id.* at 3-4) Plaintiffs do not squarely address Mepco's compromise offer or explain why the offer does not adequately address their request for "[t]he timing and amounts funded by Mepco[.]" (D.I. 375 at 4) Plaintiffs' motion to compel the production of documents responsive to Request for Production Nos. 60 to 68 is GRANTED-IN-PART in accordance with Mepco's compromise offer. On or before May 8, 2025, Mepco shall produce the total amount funded to each entity, as well as the start date and, if applicable, end date, of the funding.

**17.** Finally, Plaintiffs move to compel Mepco to produce documents responsive to Request for Production Nos. 69 and 70, which request correspondence and contracts between Mepco and Camelback Administrative Group, Inc. ("Camelback"). (D.I. 375 at 4; Ex. 2 at 8) According to Plaintiffs, these documents are relevant to determining whether successor liability lies against Camelback as Sunpath's successor. (D.I. 375 at 4) The substance of Mepco's response on this issue falls on page 5 of its letter brief. (D.I. 376 at 5)

**18.** Plaintiffs' motion to compel the production of documents responsive to Request for Production Nos. 69 and 70 is GRANTED as unopposed. The court's well-established discovery dispute procedures include a four-page limit on letter submissions. *See* https://www.ded.uscourts.gov/judge/magistrate-judge-sherry-r-fallon, Discovery Matters – Procedures. Mepco did not seek leave to exceed the page limit on letter briefing. Consequently, the court declines to consider arguments beyond the four-page limit. Even if the court were to consider the merits of Mepco's position, Mepco does not articulate any specific burden associated with the production. The court further denies Mepco's request on page five for its costs and fees incurred in responding to Plaintiffs' motion. Mepco shall produce documents responsive to Request for Production Nos. 69 and 70 on or before May 8, 2025.

**19. Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion for sanctions against Pelican and AAS is DENIED without prejudice, and Plaintiffs' motion to compel is GRANTED-IN-PART as follows:

> **(i)** Plaintiffs' motion to compel is GRANTED to the extent it seeks the production of documents pertaining to complaints, oversight, investigations, audits, and settlements for NAPC, AAG, NCC, and ACC in response to Request for Production Nos. 49 to 53. The motion to compel the production of documents responsive to Request for Production Nos. 49 to 53 is DENIED without prejudice in all other respects. Mepco shall complete the production on or before **May 8, 2025.**
>
> **(ii)** Plaintiffs' motion to compel the production of documents responsive to Request for Production Nos. 60 to 68 is GRANTED-IN-PART in accordance with Mepco's compromise offer. On or before **May 8, 2025**, Mepco shall produce the total amount funded to each entity, as well as the start date and, if applicable, end date, of the funding.
>
> **(iii)** Plaintiffs' motion to compel the production of documents responsive to Request for Production Nos. 69 and 70 is GRANTED as unopposed. Mepco shall complete the production on or before **May 8, 2025.**

IT IS FURTHER ORDERED that the discovery dispute teleconference set for April 24, 2025 at 2:00 p.m. is CANCELLED.

**20.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**21.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge