IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KURT MORALES II, *et al.*, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNPATH LTD., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 20-1376-JLH<br>)<br>)<br>)<br>) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

At Wilmington, this 10th day of November, 2025,

WHEREAS, on July 11, 2025, Magistrate Judge Fallon issued a Report and Recommendation (D.I. 381) recommending that the Court DENY Plaintiffs' Motion for Class Certification (D.I. 326);

WHEREAS, on July 25, 2025, Plaintiffs filed objections (the "Objections") to Judge Fallon's Report and Recommendation (D.I. 405);

WHEREAS, on August 8, 2025, Defendants AmTrust North America, Inc. and Northcoast Warranty Services, Inc. responded to Plaintiffs' objections (D.I. 423);

WHEREAS, on August 8, 2025, Defendant Sing for Service, LLC d/b/a Mepco responded to Plaintiffs' objections (D.I. 425);

WHEREAS, on August 11, 2025, Defendant Affordable Auto Shield, Inc. responded to Plaintiffs' objections (D.I. 428);

NOW, THEREFORE, IT IS HEREBY ORDERED that, for the reasons stated below, the Objections (D.I. 405) are OVERRULED; Judge Fallon's Report and Recommendation (D.I. 381) is ADOPTED-IN-PART insofar as it concludes (i) that class certification under Rule 23(b)(3) is

inappropriate because Plaintiffs failed to satisfy the predominance requirement and (ii) that certification under Rule 23(b)(2) is also inappropriate; and the Motion for Class Certification (D.I. 326) is DENIED.

1. This Order assumes familiarity with Judge Fallon's thorough Report and Recommendation (the "R&R"). I review the R&R de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); *Wright v. City of Wilmington*, Civ. No. 13-1966-SLR/SRF, 2016 WL 1275591, at *1 (D. Del. Mar. 31, 2016). No party asked for oral argument or an evidentiary hearing on the motion for class certification or on Plaintiffs' Objections to the R&R. Accordingly, I will review the R&R on the paper record.

2. Federal Rule of Civil Procedure 23 sets forth the requirements for class certification. In addition to demonstrating the requirements of Rule 23(a), putative classes seeking damages must also satisfy the requirements of Rule 23(b)(3), including that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3); *Drummond v. Progressive Specialty Ins. Co.*, 142 F.4th 149, 155 (3d Cir. 2025). The R&R recommended denying certification under Rule 23(b)(3) because Plaintiffs cannot demonstrate the predominance requirement. I agree.

3. Plaintiffs' motion for class certification argued that the predominance requirement was met because these "questions" were common to the class: "(1) whether Defendants made calls to each prospective Class member's cell or residential phone using a prerecorded or artificial voice; (2) whether Defendants obtained prior express written consent of each prospective Class member; and (3) whether damages are $500 or up to $1,500 per call." (D.I. 327 at 10–11.) But "[r]eciting these questions is not sufficient to obtain class certification." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). "What matters to class certification is not the raising of common

'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* at 350 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)) (cleaned up).[1]

4. The R&R concluded, and Plaintiffs' Objections do not dispute, that the Telephone Consumer Protection Act ("TCPA") and state-law claims for which Plaintiffs seek class treatment require Plaintiffs to prove that they received an artificial or prerecorded phone call. In connection with their certification motion, Plaintiffs offered a database—referred to by the parties and the R&R as the "StoneEagle File"—that contains a list of individuals who purchased a Vehicle Service Contract ("VSC") from dealers allegedly associated with Defendants. But as the R&R observed, the StoneEagle File does not identify which potential class members were sold a VSC over the phone, much less which potential class members did so after receiving an artificial or prerecorded phone call.

5. Plaintiffs suggested to Judge Fallon that they could nevertheless prove the requirement of an artificial or prerecorded phone call on a classwide basis, and that they had two methods of doing so. Plaintiffs' first proffered method of classwide proof went like this: (i) the Court could impose discovery sanctions against Defendants for failure to preserve and produce call logs (that apparently would have shown which of the individuals in the StoneEagle File received artificial or prerecorded calls); and (ii) the discovery sanction would be an instruction to

---

[1] *Dukes* dealt with the question of commonality under Rule 23(a). However, as Judge Fallon pointed out, the question of commonality overlaps significantly with that of predominance. (*See* D.I. 381 at 8 (quoting *Jaroslawicz v. M&T Bank Corp.*, C.A. No. 15-897-EJW, 2024 WL 474846, at *12–13 (D. Del. Feb. 7, 2024)).)

3

the jury that it could infer that the call records would have shown that all of the individuals listed in the StoneEagle File received an artificial or prerecorded phone call.

6.  Judge Fallon rejected that argument, and Plaintiffs' Objections do not persuade me that she erred. I will assume for the sake of argument that a discovery sanction in the form of an adverse inference jury instruction is appropriately considered at the class certification stage when assessing the existence of common and/or predominant questions of law or fact.[2] Even so, the chief problem with Plaintiffs' argument is that it is contingent on the Court imposing discovery sanctions, which Judge Fallon has thrice declined to do—in her R&R[3] and in two separate discovery rulings[4]—and Plaintiffs haven't squarely challenged any of those rulings. What's more, although Plaintiffs moved for sanctions against Defendants Pelican and AAS (which was denied), Plaintiffs have never asked for sanctions as to the remaining four Defendants (who are not alleged to have made the offending calls), and an adverse inference sanction would not be appropriate as to them. (D.I. 378 ¶ 8.) Plaintiffs have never sufficiently explained how their adverse inference method would help them prove on a classwide basis that each class member received an artificial or prerecorded phone call with respect to their claims against the four Defendants who are not subject to the adverse inference. In short, on this record, Judge Fallon did not err in rejecting

---

[2] *Cf. Garcia v. Veneman*, 211 F.R.D. 15, 21 n.6 (D.D.C. 2002) ("Plaintiffs urge that wrongful destruction would warrant an adverse inference against defendant. It is not clear whether such an inference could be used to support a Rule 23(a) commonality finding—no precedent to that effect has been cited by plaintiffs, and we have found none—but the assertion of document destruction is unproven, and the question is thus premature.").

[3] The R&R pointed out that Plaintiffs lost a hard drive containing relevant discovery and explained that "[t]he court is disinclined to draw adverse inferences in Plaintiffs' favor when it is possible that Plaintiffs once had the necessary evidence in their possession." (D.I. 381 at 18 n.7.)

[4] (*See* D.I. 299; D.I. 378 at 4–5 (explaining that Plaintiffs failed to support their assertion that the Court may sanction a party for destruction of discovery by non-party National Car Cure).)

4

Plaintiffs' contention that they could meet the predominance requirement through the use of an adverse inference.

7. Judge Fallon also found insufficient Plaintiffs' second proposal for proving the element of an artificial or prerecorded phone call. In connection with their class certification motion, Plaintiffs offered nine declarations from individuals[5] who said that they were sold a VSC over the phone by someone allegedly associated with Defendants. As Judge Fallon pointed out, however, four of those declarants weren't even listed in the StoneEagle File (and four had received a final adjudication on their TCPA claims). But the even bigger problem, as Judge Fallon recognized, is that Plaintiffs never explained how those declarations supported a finding that whether each of the 97,125 potential class members received an artificial or prerecorded phone call was capable of proof at trial through evidence common to the class rather than individual to its members.[6] Indeed, Plaintiffs' motion for certification expressly argued the opposite: Plaintiffs suggested that they could prove the element of an artificial or prerecorded phone call through the use of "attest[ations]" submitted by each of the individual class members. (D.I. 327 at 12.) Consequently, Judge Fallon concluded "[o]n this record" that "an individualized inquiry would be needed to determine whether each class member received a call [and] whether the call was an artificial or prerecorded voice call . . . ." (D.I. 381 at 20.) Having reviewed the record de novo, I agree with her conclusion. Even if there are some issues in this case that are susceptible to classwide proof, I agree with the R&R that—on this record and under these circumstances—

---

[5] Plaintiffs apparently disclosed these individuals for the first time when they submitted their declarations in connection with their motion for class certification. (D.I. 381 at 18 n.6.)

[6] Plaintiffs never argued, for example, that they intended to present evidence that every individual in the StoneEagle File received an illegal robocall.

Plaintiffs' failure to propose a classwide means of proving that the individual class members received an artificial or prerecorded call is fatal to their ability to satisfy Rule 23(b)(3)'s predominance requirement.[7] *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2008) (explaining that the predominance requirement is not satisfied "[i]f proof of the essential elements of the cause of action requires individual treatment" (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001))); *see also Drummond*, 142 F.4th at 156 (explaining that questions of law or fact common to class members must predominate over any questions affecting only individual members with respect to the "existence of individual injury" (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 30 (2013))); *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017) ("[T]he district court's recognition of the difficulty in identifying class members without fax logs and with sole reliance on individual affidavits was equally sufficient to preclude certification, regardless of whether this concern is properly articulated as part of ascertainability, Rule 23(b)(3) predominance, or Rule 23(b)(3) superiority.").

8. To the extent that the Objections raise new arguments and cite evidence relevant to Rule 23(b)(3) certification that were not presented to Judge Fallon, those arguments and evidence will not be considered.[8] *In re Nat'l Collegiate Student Loan Trusts*, 971 F.3d 433, 444

---

[7] Because I agree that Plaintiffs have not demonstrated the necessary requirement of predominance, I do not need to address the R&R's conclusions regarding the other Rule 23 requirements.

[8] The Objections list what Plaintiffs say is "a mountain of [] common evidence Plaintiffs will introduce at trial to support the prerecorded voice element of their claims." (D.I. 405 at 6–7.) But some of this evidence was not even mentioned in the motion for certification. What's more, the Objections do not coherently explain how this "common evidence" will allow Plaintiffs to prove liability on a classwide basis with respect to any of the proposed classes or subclasses. Most importantly, as explained above, Plaintiffs never argued to Judge Fallon that they intended to

(3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections to the magistrate [judge]'s recommendations are deemed waived.").

9. The R&R also concluded that Plaintiffs had not met their burden of establishing that certification under Rule 23(b)(2) was appropriate. (D.I. 381 at 21.) Plaintiffs haven't objected to that portion of the R&R. There appearing to be no error on the face of the R&R as to that conclusion, the Court will adopt that portion of the R&R and deny certification under Rule 23(b)(2).

IT IS FURTHER ORDERED that, on or before November 21, 2025, the parties shall meet and confer and submit a joint status letter setting forth their position(s) regarding how this action should proceed.

IT IS FINALLY ORDERED that the pretrial conference currently scheduled for December 19, 2025, and the trial currently scheduled for January 5, 2026, are CONTINUED to a date to be determined after the Court receives the parties' joint status report.

_____
Honorable Jennifer L. Hall
U.S. District Judge

---

present classwide proof that the individuals listed in the StoneEagle File received artificial or prerecorded phone calls. Rather, they suggested that they would show that element through individual affidavits. To the extent that Plaintiffs now argue something different in their Objections to the R&R, the Court will not consider those arguments.